FERGUSON *v.* COOK, COMMISSIONER OF REVENUES.

4-8894                                   220 S. W. 2d 808

Opinion delivered May 30, 1949.

*Gordon & Gordon,* for appellant.

*O. T. Ward,* for appellee.

FRANK G. SMITH, J. The Commissioner of Revenues for the State, after a hearing had been accorded appellant, ordered that delinquent sales tax be collected from appellant with the statutory penalty of 10% and interest, all totaling $887.75. This order was affirmed on appeal to the Pulaski Chancery Court, from which decree is this appeal.

The cause was heard on stipulations as to what appellant's testimony and that of his bookkeeper would be, and that of the Supervisor of Gross Receipts Tax Division of the State Revenue Department would be if called as witnesses, and upon a stipulation of facts derived from this testimony. The stipulation as to facts reads as follows:

"It is stipulated and agreed that R. P. Ferguson, owner and operator of Ferguson Monument Works, Morrilton, Arkansas, manufactures and sells monuments for erection at graves, and that in keeping his accounts with

each individual customer he enters the total sales price of a monument, including all labor services as part of the sale price thereof and enters the same on his leger, and that the only other entry or entries on such account is the entry or entries of payments for the amount; that each account is handled in the same way and that at the close of the month the total amount of sales as above indicated is entered and one-half of which is specified as labor, and that in the computation of his sales tax on such sales he computes the 2 per cent tax on one-half of the total amount thereof, that in making his monthly returns to the commissioner of Revenues he does not disclose the total amount of his sales for the month, but that instead he reports only the one-half of the total sales for the month; that he makes no explanation in his return about the deduction of one-half or any portion for labor or services. It is further stipulated and agreed that for the purpose of determining the facts in this case that one-half of the total contract price of the monument in place is represented as labor and that the other half is the value of monument as a material or property value."

This stipulation involves primarily the question whether when a monument dealer sells and erects a monument at a grave for a specified sum of money, the sales tax shall be assessed for the full price paid for the monument and incidentally whether a penalty should be imposed for the nonpayment of this tax in the time and manner provided by law. It appears from the stipulation that appellant made reports showing not all, but only one-half of the price he collected on each monument erected, his contention being that one-half of the price charged for the monument was deductible for the service and labor of the erection of the monument, which it was stipulated equaled one-half of the cost of the monument.

The answer to the question presented for decision depends upon the interpretation of Act 386 of the Acts of 1941, p. 1056, the title of which is An Act to provide for raising revenues for certain purposes "by Prescribing and Levying Specific Taxes Upon Gross Receipts Derived From Sales."

There has been much legislation imposing sales taxes with an innumerable number of cases construing this legislation, much of which is reviewed in the annotation to the case of Acorn Iron Works v. State Board of Tax Administration, 139 A.L.R., 368 et seq. This annotation supplements annotations on the subject appearing in 98 A.L.R. 387, 111 A.L.R. 943 and 115 A.L.R. 491.

The annotations recognize the great differences in the legislation imposing this tax, and point out that almost invariably they contain their own definition of sales at retail and of clauses which have the effect of defining them, and that the effect of such definitions is to render immaterial the question whether the transaction on which the tax is levied meets the technical requirements of a sale at common law, and that the definition employed will prevail over definitions that may be found in dictionaries.

Only one case is cited which involved the question whether the cost of erecting a monument is subject to the sales tax, where the price charged for the monument included its erection, which is the case of S. Goldstein Monument Wks. v. Graves, 254 App. Div. 798, 4 N.Y.S. 2d, 241, cited in the annotators note in 139 A.L.R., 384, which held that the tax should be computed upon the price which included labor and service in addition to materials.

Appellant insists that the New York case is not authority in this on account of the differences in the statutes of the two states. A reading of the New York statutes shows, however, that the statutes of that state are very similar to our own in the respects here considered.

The New York statute, Chapter 281, Laws of N.Y. 1933, § 390, Article 17, p. 765 defines the terms used in the sales tax law of that state. And paragraph (b) thereof reads in part as follows: ''The term 'receipts' means the total amount of the sale price of tangible personal property sold at retail in this state, valued in money, whether received in money or otherwise, including all receipts, cash, credits and property of any kind or nature, and also any amount for which credit is allowed by the seller to the purchaser, without any deduction therefrom on account of the cost of the property sold,

the cost of materials used, labor or service cost, interest or discount paid, or any other expense whatsoever, from the sale of tangible personal property at retail in this state,'' with certain exceptions not relevant here.

Paragraph (b) of § 2 of our Act 386 of 1941 defines the terms there employed and sub-paragraph (c) of that section provides: ''The term 'sale' shall not include the furnishing or rendering of service or services, except as is herein otherwise provided.'' But immediately following in sub-paragraph (d) appears this definition: ''Gross Receipts-Gross Proceeds: The term 'gross receipts' or 'gross proceeds' means the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, without any deduction therefrom on account of the cost of the property sold, labor service performed, interest paid, losses or any expenses whatsoever.'' The principal difference between the New York statute and our own is that the New York statute includes, while our statute omits the word ''discount''.

This language appears to mean, and we so construe it, that where one sells an article in the preparation of which for sale he has expended labor, which adds to its value and was necessary to make it salable, he must pay the sales tax on the price received, without deduction for the value of the labor performed.

It is insisted that although the tax should be charged no penalty for its delayed payment should be imposed, and the case of State v. New York Life Ins. Co. 198 Ark. 820, 131 S.W. 2d, 639, is cited to support that contention. That case involved the failure of the Life Ins. Co. to report its annuity premiums, while the company had made report of all premiums upon which a report was required, and the testimony showed that over a period of many years the administrative officers of the state were of the opinion that annuity premiums were non-taxable, and the opinion recites that certain members of the court were even then of that opinion, as evidenced by a concurring opinion filed in that case.

The stipulation as to what appellant's testimony would be if called as a witness was that he had never reported the full price received upon the sale of a monument, but had always deducted one-half thereof to cover labor and services rendered in its erection, and that upon inspection of his books, which was usually made annually, the fact stated was so disclosed.

The Supervisor of the Gross Receipts Tax Division would have testified, according to the stipulation as to his testimony, that no reports had ever been made to his department showing that a tax was collected on only fifty percent of the sales price, and that the first knowledge of that fact came when an audit of appellant's books was made. The stipulation above copied is corroborative of this testimony and we think the court was warranted in finding that a tax was due which had not been reported although appellant did not collect the tax on the total amount of the sales.

In the New York Life Ins. Co. case, supra, report was made of all the taxes, which was required, while here there was a report of only one-half that amount. Superior Bath House v. McCarroll, 200 Ark. 233, 139 S.W. 2d, 378. The penalty was therefore properly imposed and the decree imposing it is therefore affirmed.