B. Bryan LAREY, Commissioner of Revenues *v.*
DUNGAN-ALLEN, INC.

5-4565                                428 S. W. 2d 71

Opinion delivered May 21, 1968

*Lyle Williams, L. Phillip McClendon, John F. Gautney* and *Hugh L. Brown,* for appellant.

*Smith, Williams, Friday & Bowen,* for appellee.

George Rose Smith, Justice. The Arkansas Gross Receipts Tax, usually called the sales tax, is basically a 3 percent excise tax levied upon gross proceeds derived from sales of tangible personal property. The statute, however, also imposes the tax upon a number of transactions that might not otherwise be thought to fall within the scope of what was originally a retail sales tax. Here we are called upon to interpret that section of the act which levies the tax upon ''[p]rinting of all kinds, types and characters, including the service of over-printing, and photography of all kinds.'' Ark. Stat. Ann. § 84-1903 (d) (Repl. 1960). Our task is that of construing the phrase, ''photography of all kinds.''

Dungan-Allen, Inc., is a corporation engaged in commercial photography. During the sixteen-month pe-

riod now in question the company's gross receipts were $65,079.79. The company filed no gross receipts tax return and paid no gross receipts tax. The Commissioner of Revenues assessed the tax upon $44,170.08 of the company's gross receipts, conceding that the rest of its revenue was exempt, as it involved out-of-state transactions, sales to national banks, and other nontaxable activity. Dungan-Allen followed the statutory procedure of paying the assessment under protest and bringing suit to recover the money. This appeal is from a decree directing a refund of the entire amount paid.

Dungan-Allen contends primarily that about 85 percent of its revenue is recompense for services not falling within the statutory phrase, "photography of all kinds." Secondarily it insists that the assessment in its entirety is so discriminatory as to be unconstitutional. The chancellor sustained both contentions.

The first contention is the more important of the two. Upon that issue the facts are hardly in dispute. Rodney Dungan and Willie Allen, who conduct their business in corporate form, are skilled commercial photographers. Much of their work is done for advertising agencies, magazines, television, and large advertisers such as banks and insurance companies. Their business is decidedly different from that of a neighborhood photographer who devotes most of his time to making pictures of family groups, wedding receptions, high school graduating classes, and similar subjects.

Dungan and Allen, in the course of their business, frequently have long consultations with their patrons about matters such as advertising layouts, promotional planning, material for magazine publication, and other activities going beyond the mere taking and developing of pictures. An excerpt from Dungan's testimony:

"We take pictures—the least of what we do. We spend a lot of time planning, deciding which way

it would be better to do what, get props together, picking the right locations. There's a thousand other things before the actual picture taking. Actually, that's a minor point. Anybody can make a picture, and it's the arranging and the doing what is necessary to make a photograph that has . . . a meaning, that does what you want it to do."

In billing customers Dungan-Allen stresses its services rather than its photographic prints. A $25 hourly charge is made for services, but the prints are furnished for $2 each—a sum too small to include any profit. Thus for a day's work an advertising agency might be charged $200 for photographic services and $10 for five different pictures. In this litigation the taxpayer insists that the incidence of the gross receipts tax should be similarly divided between nontaxable revenue from professional services and taxable revenue from the taking of pictures.

We do not so interpret the statute. Hardly any tangible article or commodity is priced solely on the basis of its constituent materials. Invested capital, education or technical training, professional skill, labor, and overhead expenses, or some combination of them, can be expected to contribute to the value and selling price of the finished product. A familiar example is the conversion of a pound of steel into watch springs worth a thousand times as much as the original metal.

A similar question was before us in *Ferguson* v. *Cook*, 215 Ark. 373, 220 S. W. 2d 808 (1949). There a monument dealer sought to deduct from the taxable selling price of his tombstones the labor cost necessary to make and install them. In holding that the entire selling price was subject to the tax we relied upon the language, which is still in the statute, forbidding any deduction from the selling price "on account of the cost of the property sold, labor service performed, interest paid, losses or any expenses whatsoever." Ark. Stat. Ann. § 84-1902 (d). There we said: "This language appears

to mean, and we so construe it, that where one sells an article in the preparation of which for sale he has expended labor, which adds to its value and was necessary to make it salable, he must pay the sales tax on the price received, without deduction for the value of the labor performed."

So in the case at bar. Regardless of how Dungan-Allen bills its customers, what its patrons are buying and paying for are photographs. No doubt the photographers' experience and skill are essential to their work, but it is plain enough that the company's customers would not ordinarily pay for the exercise of that skill if it did not enhance the value of the end product. Counsel for the Commissioner conceded in oral argument that the tax should not apply in instances in which Dungan-Allen were paid for services only, such as consultations, without any photographs being involved. That concession is well taken, but the principle cannot be extended to the point of separating the sale of the photograph from the exercise of that skill "which adds to its value and was necessary to make it salable." *Ferguson* v. *Cook, supra.*

Secondly, the taxpayer asserts unconstitutional discrimination in the legislative or administrative failure to tax physicians for the making of x-rays or architects for the making of blue prints, which, it is said, also fall within the purview of "photography of all kinds." We find no merit in that contention. Classification is permissible if the differences are reasonably related to the purpose of the law. *Jacks* v. *State,* 219 Ark. 392, 242 S. W. 2d 704 (1951). Dungan-Allen is paid to produce and sell photographs suiting the particular needs and demands of its customers. By contrast, a physician is engaged to diagnose and treat illnesses, not to produce and sell x-rays. An architect is employed to design and supervise the construction of buildings, not to produce and sell blue prints. The situations are so fundamentally different that no prohibited discrimination can be said

to exist in the language of the statute or in its administration.

Reversed.