BELVEDERE SAND & GRAVEL COMPANY
*v.* Richard HEATH, Director of Department
of Finance and Administration of the
State of Arkansas

75-390                                    536 S.W. 2d 312

Opinion delivered May 17, 1976

768

*House, Holmes & Jewell,* by: *Paul W. Stanfield,* for appellant.

*James R. Cooper, Robert G. Brockman, James R. Eads Jr., Jack East III* and *Harlin R. Hodnett,* for appellee.

ELSIJANE T. ROY, Justice. This case involves the validity of a deficiency gross receipts (sales) tax assessment levied by the Arkansas Department of Finance and Administration against appellant Belvedere Sand & Gravel Company. The alleged deficiency was on charges for hauling of sand and gravel for which appellant did not collect and remit the sales tax to the State.

Following an administrative hearing affirming the deficiency assessment, suit was filed in chancery court pray-

ing that the assessment be declared null and void. The chancery court held that the hauling charges involved were part of the total amount of the consideration for the sale of sand and gravel by appellant and such charges constituting a part of the gross receipts or gross proceeds were subject to the tax. From that decree appellant brings this appeal.

Belvedere handles sand and gravel, but owns no trucks. If the customer did not have any means of transportation, then Belvedere would provide independent haulers to deliver its product to the purchaser at the point designated. In the event an independent hauler was used Belvedere would add, as a separate item, the charge of this hauler to the total bill, but would charge no sales tax on this item. The purchaser would remit the total invoice price to Belvedere, who in turn would pay the hauler.

The pertinent statutes are:

Ark. Stat. Ann. § 84-1902 (c) (Supp. 1973) Sale: The term "sale" is hereby declared to mean the transfer of either the title or possession, except in the case of leases or rentals, for a valuable consideration of tangible personal property, regardless of the manner, method, instrumentality, or device by which such transfer is accomplished . . . . The term "sale" shall not include the furnishing or rendering of service or services, except as herein otherwise provided.

Ark. Stat. Ann. § 84-1902 (d) (Supp. 1973) Gross Receipts - Gross Proceeds, the term "gross receipts" or "gross proceeds" means the *total amount of consideration* for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, *without any deduction therefrom on account of the cost of the property sold, labor service performed, interest paid, losses or other expenses whatsoever.* (Italics supplied.)

In connection with freight charges the following Regulation was promulgated:

Rules and Regulations. Article 15. Freight. No deductions may be taken on charges for freight in the delivery of merchandise to consumers and users and a *tax must be collected on the full consideration of delivery price of the property at the point of delivery.* (Italics supplied.)

In instances where delivery is made f.o.b. point of origin and the freight charges are billed direct to the purchaser by the carrier, such charges do not constitute gross receipts or gross proceeds.

Appellant contends that Article 15 is void as being an exercise of legislative function which is beyond the powers delegated by the legislature to the Department of Finance and Administration.

Appellant also contends that since the Department of Finance and Administration cannot collect a tax on freight charges, and because furnishing of hauling services is not tangible personal property, this assessment is illegal.

These contentions have no merit since the regulation almost tracks the wording of the statute and carries out the obvious intent of the legislature. Accordingly the promulgation of the regulation was within the scope of delegated authority and it is a valid regulation. Furthermore, appellant seems to ignore the fact that Ark. Stat. Ann. § 84-1902 (d) defines gross receipts or gross proceeds as *the total amount of consideration* for the sale of tangible personal property without any deduction therefrom on account of the cost of the property sold, labor service performed, interest paid, losses or any expenses whatsoever. Appellee herein is not attempting to assess a sales tax on "hauling charges" as such but upon the total consideration received by appellant for the sale of tangible personal property, that being sand or gravel *delivered* to a certain point designated by the purchaser.

Appellant next contends that it is in substantial compliance with the regulation and statutes. Appellant urges that since the hauling charge on each invoice is billed separately and since Belvedere at no time has in its possession the amount paid for hauling more than 30 days, it merely serves

as a conduit for payment of the charges and accordingly no tax is due. Thus appellant's position is that this is the same as a sale made at the point of origin.

Contrary to appellant's contentions, the testimony adduced at trial revealed that appellant's contract for delivery was an f.o.b. destination contract — one which required appellant to deliver the crushed rock or sand to a place designated by the purchaser. This was an added service being performed by Belvedere — a business practice provided to accommodate its customers. Appellant hired the independent haulers, was responsible for paying them for their services and had not completed its agreement with the purchaser until the product was actually delivered at the designated point.

The Uniform Commercial Code, in Ark. Stat. Ann. § 85-2-319 (1) (b) (Add. 1961) states that when the term f.o.b. the place of destination is used the seller must at his own expense and risk transport the goods to the destination and there tender delivery of them in the manner provided by the statute. The Gross Receipts Tax Act also clearly provides that the amount deemed to be "gross proceeds or gross receipts" means the total amount of consideration derived from the sale of the sand and gravel at the point of delivery without any deduction therefrom on account of expense of transportation. Article 15, *supra,* specifically states no deduction can be taken for freight and the tax must be collected on the full delivery price, unless the freight charge is billed direct to the purchaser by the carrier. This, of course, was not done in the case at bar.

Furthermore, one claiming an exemption or deduction from taxation bears the burden of proving clearly that he is entitled to it since both are privileges allowed merely as matters of legislative grace. *Skelton* v. *B. C. Land Co,* 256 Ark. 961, 513 S.W. 2d 919 (1974), and numerous cases cited therein.

In the case of *Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal. 2d 640, 335 P. 2d 672 (1959), the court held that where the taxpayer delivered granite to places designated by customers, and customers had no control over

independent truckers chosen by taxpayer for the hauling, and title to granite did not pass until delivery, transportation charges properly were included as part of taxpayer's "gross receipts" for computation of the sales tax.

Appellant also contends appellee is estopped from collecting the deficiency because for at least five years prior to the deficiency assessment Belvedere had been noting deduction of the hauling expense on its sales tax returns, and appellee had not advised appellant the procedure was improper.

The record reflects the Commissioner of Revenues did not inform the taxpayer that his procedure was improper because he could not make this determination from the monthly reports alone. It was only after an audit was made of the taxpayer's books that the erroneous procedure was discovered. We do not find these facts sufficient to support the argument that the Commissioner is estopped from assessing the tax. See *Williams* v. *Davis*, 211 Ark. 725, 202 S.W. 2d 205 (1947); *Bowlin* v. *Keifer*, 246 Ark. 693, 440 S.W. 2d 232 (1969).

Accordingly the decree of the chancellor is affirmed.