GREAT LAKES CHEMICAL CORPORATION
*v.* Jim WOOTEN, Director, Department of
Finance and Administration

79-89                                                587 S.W. 2d 220

Opinion delivered September 24, 1979
(Division I)
[Rehearing denied October 29, 1979.]

*Crumpler, O'Connor & Wynne,* for appellant.

*Robert G. Brockmann, Joseph V. Svoboda, H. Thomas Clark, Jr., Barry E. Coplin, Timothy J. Leathers,* by: *Jack East, III,* for appellee.

GEORGE ROSE SMITH, Justice. During three tax years beginning March 1, 1973, Great Lakes purchased chlorine in Louisiana and Texas, paying no sales tax upon it, and used the chlorine in the manufacture of bromine at its plant in Union county. The appellee made a use tax assessment of $94,342.24, plus interest and 10% penalty, upon the value of the chlorine. Great Lakes protested the tax on the ground that the chlorine is exempt, because it becomes "a recognizable, integral part" of the bromine and therefore falls within the sales tax exemption (incorporated in the use tax law) of sales for resale. Ark. Stat. Ann. § 84-1904 (i) (Repl. 1960) and § 84-3106 (B) (Supp. 1977). This appeal is from a decree finding that the chlorine does not become a recognizable, integral part of the bromine and is therefore subject to the use tax.

The facts, all shown by expert testimony, are really not in dispute. Great Lakes first produces brine from the earth, much as oil is produced. The brine contains bromide — a substance of no particular value in itself. Great Lakes, however, converts the bromide into bromine, an element which is valuable in industrial processes because it has the power to bring about oxidation when properly brought into contact with other substances.

The chlorine, which is the subject of the tax in question, is used to convert the bromide into bromine. Chlorine is an oxidizing agent, because each chlorine atom lacks an electron and in a figurative sense "wants" to get that electron from another substance by the process of oxidation. There are other oxidizing agents, such as hydrogen peroxide, but chlorine is the cheapest to use in the manufacture of bromine.

What Great Lakes does is to mix the chlorine and the bromide in a reactor in such a way as to bring about oxidation. In that process each atom of chlorine obtains an electron, on a one-to-one basis, from a corresponding atom of bromide. That transfer of electrons brings about chemical

changes in both substances. The bromide becomes bromine as a result of losing an electron. The newly created bromine is industrially valuable, because its lack of that electron makes it an oxidizing agent with the power to bring about oxidation with other weaker oxidants. The chlorine on the other hand, by obtaining electrons from the bromide, undergoes a chemical change and becomes chloride, a worthless salt that Great Lakes discards by injecting it into the earth.

Great Lakes argues that the chlorine itself becomes a recognizable, integral part of the bromine, because the chlorine's oxidizing potential is transferred to the bromine. But the use tax deals with tangible personal property, which is defined as personal property which may be "seen, weighed, measured, felt, touched, or is in any other manner perceptible to the senses." § 84-3104 (k) (Repl. 1960). As *tangible* property the chlorine unquestionably becomes chloride, by gaining an electron, and is discarded as worthless. Thus no tangible part of the chlorine is transferred to the bromine. Exactly to the contrary, the chlorine gains an electron, while the bromide loses an electron.

Bromine's oxidizing potential — its desire to get an electron back from some weaker substance — is plainly not tangible property. It is *a property* only in the sense of being *a trait* of bromine. Thus, the potential is a trait that can be measured, but as the appellee points out, almost everything known to man is *a property* in that sense. When natural gas is used to heat coffee for sale in a restaurant, the heat is transferred to the coffee and is a measurable property of the hot coffee. But that does not mean that the gas itself is being resold to the consumer as a recognizable, integral part of the hot coffee. (See our discussion of an "integral part" in *Hervey* v. *International Paper Co.*, 252 Ark. 913, 483 S.W. 2d 199 [1972].) In the same way, Great Lakes uses chlorine in the manufacture of bromine, but the chlorine does not become a part of the bromine. Quite the opposite, the chlorine takes something from the bromide, becomes chloride, and is discarded as worthless. Thus it is at best consumed in the manufacturing process, not resold to the purchaser as tangible property. The chancellor's decision was right.

We are not sure that we understand the appellant's other point for reversal, but it seems to be argued that the 10% penalty should not have been imposed. As we read the statute, if the tax is not paid when due, there is either a 10% penalty for negligent non-payment without intent to evade the tax or a 50% penalty for fraudulent non-payment with intent to evade the tax. § 84-3113 (Repl. 1960). One penalty or the other is to be assessed; so Great Lakes cannot complain about the appellee's having imposed the 10% penalty only.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.