# LITTLE ROCK MUNICIPAL WATER WORKS
## *v.* Charles D. RAGLAND, Commissioner of Revenues

83-6                                                  651 S.W.2d 78

Supreme Court of Arkansas
Opinion delivered May 31, 1983

*John C. Lessel* of *Mitchell, Williams, Selig, Jackson & Tucker,* for appellant.

*Timothy J. Leathers, Joseph V. Svoboda, Wayne Zakrzewski, Kelly S. Jennings, John H. Theis, Ann Fuchs, Michael D. Munn,* by: *Joe Morphew,* for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case is whether the Gross Receipts Tax, Ark. Stat. Ann. § 84-1901, et seq. (Repl. 1980), applies to a sale when that sale is billed but the account is not collected.

Appellant, Little Rock Municipal Water Works, is a municipally owned and operated water works system. Appellee, the Commissioner of Revenues, levies a three percent tax upon the gross receipts derived from sales of water by appellant. Between October 1, 1976 and September 30, 1979, appellant did not include within its computation of gross receipts amounts it billed but had not collected for water service furnished to residents of the City of Little Rock and surrounding communities. Appellant was assessed a $2,130.38 deficiency in gross receipts tax and a "negligence penalty" by appellee. The trial court upheld the appellee's assessment and the imposition of the negligence penalty. We affirm. Jurisdiction is in this Court pursuant to Rule 29 (1) (a) and (c) and Ark. Stat. Ann. § 84-4721 (b) (Repl. 1980).

We find no merit in appellant's argument that "gross receipts" include only amounts actually collected. Ark. Stat. Ann. § 84-1903 states, "There is hereby levied an excise tax of three percentum (3%) upon the gross receipts . . . derived from all sales . . . ." Ark. Stat. Ann. § 84-1902 (d) defines gross receipts as follows:

> Gross Receipt — Gross Proceeds: The term "gross receipts" or "gross proceeds" means the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, without any deduction therefrom on account of the cost of the properties sold, labor service performed, interest paid, losses or any expenses whatsoever.

Appellant contends that the Gross Receipts Tax is not a sales tax and that the statute requires appellant to pay the tax only on amounts actually collected. It argues that "derive" is defined as taking or receiving, especially from a specified source, and that something must be received in order to

constitute a "gross receipt." However, we have repeatedly held that the present Gross Receipts Tax Act, Act 386 of 1941, is a sales tax act. *Cook* v. *Sears-Roebuck & Co.*, 212 Ark. 308, 206 S.W.2d 20 (1947); *U-Drive-Em Service Co.* v. *Hardin*, 205 Ark. 501, 169 S.W.2d 584 (1943). Ark. Stat. Ann. § 84-1902 (d) defines "gross receipt" as the "total of consideration for the sale," the consideration bargained or contracted for, not the amount actually paid to the seller. Furthermore, in *Cook* v. *Southwest Hotels, Inc.*, 213 Ark. 140, 142, 209 S.W.2d 469, 471 (1948), we stated as follows:

> Although the word "derived" as used in Act 386 has a general meaning, we do not agree with appellee that the Commissioner would be compelled to withhold his demand for payment until a tax had actually been collected by the retailer. It is sufficient if the taxpayer *should* have done so.

Thus, the Gross Receipts Tax is due when the contract is entered into. *Accord, Gardner-White Co.* v. *Dunckel*, 296 Mich. 225, 295 N.W. 624 (1941).

In addition, Ark. Stat. Ann. § 84-1902 (d) precludes any deduction from the Gross Receipts Tax for "losses." Because uncollected accounts are clearly "losses" in the context of this statute, they cannot be excluded in computing the tax. *Accord, Olympic Motors, Inc.* v. *McCroskey*, 15 Wash.2d 665, 132 P.2d 355 (1942).

Appellant next contends that the application of the Gross Receipts Tax to amounts billed but not collected results in a taking of its property in violation of due process and Art. 16 § 5 of the Arkansas Constitution. Appellant stipulated that it collects a deposit from each customer prior to the initiation of service, and it concedes that the amount of the deposit exceeds any tax assessed. Therefore, appellant has failed to show that any of its property is taken in payment of the Gross Receipts Tax for amounts billed but not collected. Accordingly, we do not reach these issues.

Finally appellant contends that the assessment of a ten percent negligence penalty under Ark. Stat. Ann. § 84-4741

(c) was erroneous. Appellant reasons that because both parties stipulated that appellant did not fail to pay the Gross Receipts Tax due to intentional disregard of the statutes involved and because there was no proof of negligence other than the fact of nonpayment, the penalty cannot be applied.

Ark. Stat. Ann. § 84-4741 (Supp. 1980) provides as follows:

> If any part of a deficiency in taxes is *determined to be* due to negligence or intentional disregard of rules and regulations promulgated under the authority of this Act or any State tax law, then the Commissioner shall add a penalty of ten percent (10%) of the total amount of the deficiency, in addition to any interest provided by law. [Emphasis added.]

The emphasized language was added to former law by Act 914 of 1981, section 6. However, the amended statute was not effective at the time of the deficiency assessment and it is not applicable. *See Ragland, Comm'r. v. Miller Trane Service Agency,* 274 Ark. 227, 623 S.W.2d 520 (1981). Although the current penalty provision, Ark. Stat. Ann. § 84-4741 (c) (Supp. 1980), may require a factual determination of negligence or intentional disregard of the Gross Receipts Act or of appellee's regulations, we held that the former statute imposed an automatic penalty in *Great Lakes Chemical Corp. v. Wooten,* 266 Ark. 511, 587 S.W.2d 220 (1979). Therefore, the assessment of the ten percent negligence penalty in this case was proper.

Affirmed.