Jim C. PLEDGER, Commissioner of Revenues,
Arkansas Dep't of Finance & Administration
*v.* SIMPSON PRESS, INC.

90-197                                              801 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Beth B. Carson*, for appellant.

*Anne Owings Wilson*, for appellee.

Tom Glaze, Justice. This is a sales tax case. The appellee, Simpson Press, Inc., prints advertising brochures for direct mail advertisers. When requested by one of its customers, the appellee uses its mail permit with the post office to purchase the necessary postage and mail the brochures. Under this arrangement, the appellee first sends its customer the estimated cost of postage. After the customer pays the estimated cost, appellee then purchases the postage and makes an adjustment if necessary to the customer's account by either charging an additional amount or giving a credit. The appellee charged a sales tax on the advertising brochures, but has never charged a sales tax on the postage charges.

Appellant, the Arkansas Department of Finance and Administration, performed a sales tax audit on the appellee and assessed a sales tax on the postage charges as being part of the gross receipts the appellee received for the sale of the advertising brochures for the period of June 1, 1981, to May 30, 1987. By agreement, the amount of the assessment was set at approximately $263,487. After the assessment was sustained by the administrative judge, the appellee paid the tax under protest. The appellee filed suit in chancery court and argued several reasons why the tax money should be refunded including a constitutional argument that a tax on sales of the advertising brochures themselves violated the first amendment of the United States Constitution.

In granting the appellee a refund, the chancellor made the following findings: 1) the appellee acted as an agent for its customers in purchasing postage and the funds received from the customers as reimbursement were not part of the total amount of consideration for the sale of the advertising brochures; and 2) the

appellee completed its contract with its customers when it delivered the brochures to the post office. The chancellor also held that the assessment of a sales tax on the sales of printed advertising material was not unconstitutional. The appellant appeals from the chancellor's refunding of the sales tax on the postage charges, and the appellee cross-appeals from the chancellor's holding that sales tax was not unconstitutional. We find no error in the appeal or cross-appeal, and therefore affirm.

■ Under Gross Receipts Tax Regulation, GR-3(C)(1) the term gross receipts or gross proceeds means the total amount of consideration for the sale of tangible personal property and certain services. Under statutory law, a sale is declared to mean the transfer of either title or possession, except in the case of leases or rentals, for a valuable consideration of tangible property, regardless of the manner, method, instrumentality, or device by which the transfer is accomplished. Ark. Code Ann. § 26-52-102(a)(3)(A) (Supp. 1989). In addition, a sale shall not include furnishing or rendering of services, except as provided. Ark. Code Ann. § 26-52-102(a)(3)(E). Also pertinent to the issues presented here, we note that the service of printing of all kinds, types, and characters is taxed. Ark. Code Ann. § 26-52-301(4) (Supp. 1989).

Clearly, the appellee's printing of its customers advertising brochures is subject to tax. However, the question before this court is whether the purchasing of postage and the delivery of the brochures to the post office for its customers should be included as part of the sale. We answer this question in the negative for two reasons.

Under Gross Receipt Regulation 18(a), relied upon by appellant, all freight or transportation charges are part of the gross receipts or gross proceeds on which tax must be collected and remitted unless the freight is charged directly to the purchaser by the carrier. But, here we are dealing with postage bought for the appellee's customer to mail out advertising brochures to consumers and not freight and transportation added to the sale price for the item to reach its buyer.

For this reason, we agree with the chancellor that in performing the postage and mailing service for its customers, the

appellee merely acted as their agent.[1] Appellee billed its customers for the estimated cost of the postage and used the money to purchaser postage and to mail the brochures pursuant to its customers' instructions. Afterwards, the appellee adjusted the customers' accounts to reflect only the actual postage costs. In sum, the appellee was merely offering a service for its customers' convenience. As stated above, a sale shall not include the furnishing or rendering of services, except as provided in Ark. Code Ann. § 26-52-102(a)(3)(A) (Supp. 1989). While the service of printing is included in the Arkansas Gross Receipts Act, we see no mention of a postage and mailing service.

Next, even if we were to treat the purchasing of postage in this case the same as freight and transportation charges, we still would conclude that the charges should not be included as part of the sale. As stated earlier, a sale is declared to mean the transfer of either title or possession. In determining whether transportation charges incurred in delivering goods to a buyer are subject to taxes, the factor having the most bearing is the passage of title to the goods from seller to buyer. *See* Annotation, *Transportation, Freight, Mailing, or Handling Charges Billed Separately to Purchaser of Goods as Subject to Sales or Use Tax*, 2 A.L.R.4th 1124 (1980). When a court determines that title did not pass until after the transportation charges had been incurred, such charges are held subject to tax. *Id.* But, in those instances when title passed prior to the incurring of transportation charged, the charges have been held not to be subject to sales or use taxes. *Id.*

We followed this reasoning in *Belvedere Sand & Gravel Co. v. Heath*, 259 Ark. 767, 536 S.W.2d 312 (1976), which is cited in the foregoing annotation. In *Heath*, Belvedere was assessed a sales tax on charges for hauling sand and gravel. While Belvedere sold sand and gravel, it had no trucks to haul the material. However, if the customer did not have any means of transportation for the sand and gravel, Belvedere would provide indepen-

---

[1] We note the appellant also argued there is insufficient evidence of agency. We have recited considerable evidence that supports appellee's agency theory and we find no need to discuss this point further. *See Crouch* v. *Twin City Transit*, 245 Ark. 778, 434 S.W.2d 816 (1968).

dent haulers to deliver its product to the purchaser at the point designated and add the charge on the customer's bill. On appeal, Belvedere argued that it merely served as a conduit for payment of the hauling charges and that its sale of the sand and gravel was made at the point of origin. We disagreed and held that Belvedere's sale contract with its customer was not complete until the product was delivered at the point of designation. In other words, since title or possession did not pass until after the transportation expenses had been incurred, those transportation charges were subject to a sales tax.

Unlike in *Heath*, the present case involves a service of printing and the parties' contract was complete when the brochures were printed. After the printing of the brochures, the appellee offered the additional service of purchasing postage and mailing the brochures, if requested by the customer. Also, contrary to *Heath*, there was no evidence showing that the appellee's sales contract was completed upon delivery to a designated point. In sum, appellee's postage and mailing service described herein, should not be included as part of the sale of the advertising brochures.

Likewise, we affirm the chancellor's holding on the cross-appeal that the assessment of the sales tax on the sales of printed advertising material was not unconstitutional. Under Ark. Code Ann. § 26-52-301(4), all printing services are taxed. Unlike in *Arkansas Writers' Project* v. *Ragland*, 481 U.S. 221 (1987), this sales tax provision does not burden rights protected by the First Amendment by discriminating against only a small group. All persons having advertising brochures printed are treated the same regardless of the method of distribution. We fail to see how the application of this tax provision can be discriminatory. *See Larey* v. *Dugan-Allen*, 244 Ark. 908, 428 S.W.2d 71 (1968).

For the reasons stated above, we affirm.