The Honorable Bill Kerr State Representative P.O. Box 7615 Little Rock, Arkansas 72207
Dear Representative Kerr:
This is in response to your request for an opinion on the following question:
 An auto repair facility charges a supplies charge to a customer. Must that auto repair facility charge sales tax on that amount, if he has paid the sales tax when he purchased these items? If so, isn't this causing sales tax on certain items to be paid twice?
You have attached to your request two sample documents from the auto repair facility. One is a notice entitled "TO ALL CUSTOMERS" which explains the facility's policy of charging customers a standard "supplies charge" of eight percent of the labor performed on a particular automobile. This charge covers the cost of such supplies as rags, solvents, lubricants, and cleaners. There is a list included in the notice of fifty different "supplies" covered by the charge. The other document you have enclosed is a bill to a customer showing charges for labor, parts, and supplies, and then computing the sales tax on all of the above.
Your question breaks down into two parts. The first question is whether the sales tax should be charged by the seller of the supplies to the auto repair facility. The second question is whether the auto repair facility should charge sales tax on the "supplies charge" when the customer pays his bill for auto repairs.
The statutory sections relevant to your question are A.C.A.26-52-301 (Supp. 1989) and 26-52-401 (Supp. 1989). Subsection 301 imposes a sales tax on the items listed in that section. A tax is imposed on, (among other things), all sales of "tangible personal property" (26-52-301(1)) and on "repair of motor vehicles". 26-52-301 (3)(C)(i). There are, however, a number of exceptions to the tax, and they are listed at A.C.A.26-52-401. Two exceptions relevant to your question are those listed at A.C.A. 26-52-401 (12)(A) and (B), which exempt the following:
 (12)(A) Gross receipts or gross proceeds derived from sales for resale to persons regularly engaged in the business of reselling the articles purchased, whether within or without the state if the sales within the state are made to persons to whom sales tax permits have been issued as provided in 26-52-202;
 (B) Goods, wares, merchandise, and property sold for use in manufacturing, compounding, processing, assembling, or preparing for sale can be classified as having been sold for the purposes of resale or the subject matter of resale only in the event the goods, wares, merchandise, or property becomes a recognizable integral part of the manufactured, compounded, processed, assembled, or prepared products. The sales of goods, wares, merchandise, and property not conforming to this requirement are classified for the purpose of this act as being `for consumption and use'.
We now must apply the statutes above to determine the first issue for resolution, which is whether the seller of the "supplies" to the auto repair facility must charge the sales tax. It appears clear that the items sold to the auto shop are subject to the tax under A.C.A. 26-52-301 as sales of tangible personal property. Thus, they must be taxed unless they are exempted under one of the exceptions. It is clear, in my opinion, that the articles are not "sales for resale" under 26-52-401(12)(A) because the auto shop is not "regularly engaged in the business of reselling the articles purchased". The auto shop does not sell rags, solvents and lubricants to its customers; rather, it uses them in its business of repairing automobiles.[1] See Wiseman v. Arkansas Wholesale Grocers' Ass'n, 192 Ark. 313, 90 S.W.2d 987 (1936).
Similarly, it is my opinion that the sale from the seller of supplies to the auto repair facility does not fall within the26-52-401 (12)(B) exception. Although it is possible that some of the "supplies" listed are used in preparing automobile parts for sale, it is my opinion that most of the supplies listed on the "NOTICE TO CUSTOMERS" do not become "a recognizable integral part of the . . . products". See, e.g. Whitlock v. Smith, 297 Ark. 399, 762 S.W.2d 782 (1989), and Great Lakes Chemical Corp. v. Wooten, 266 Ark. 511, 587 S.W.2d 220
(1979). Of course, this is a factual question as to each of the fifty supplies listed on the notice. It is possible that supplies such as minor hardware (nuts and bolts), wire, tape, solder, weather stripping, and shims do become a "recognizable integral part of the . . . product". As this office is not empowered as a fact finder, however, we will not undertake this detailed a review.
It is thus my opinion, with regard to the first question, that, generally, the seller of supplies to the auto shop must charge sales tax to the auto shop owner on the purchase price of the supplies. This tax is imposed by 26-52-301, and the sale does not fall within any exceptions listed in 26-52-401.
The second question is whether the auto shop must charge its customers sales tax on the "supplies charge." Section26-52-301(3)(c)(i) imposes the sales tax on the gross proceeds or gross receipts derived from all "sales" of;
 Service of alteration, addition, cleaning, refinishing, replacement, and repair of motor vehicles. . . .
A tax is thus imposed on the "gross proceeds" or "gross receipts" of repair of motor vehicles. "Gross proceeds" and "gross receipts," however, are defined at 26-52-103(a)(4) as:
 . . . the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for . . . without any deduction on account of the cost of the properties sold, labor service performed, interest paid, losses, or any expenses whatsoever.
It has been held under this definition that hauling charges for delivering gravel, when included in the total consideration for the sale of gravel, are included in the "gross proceeds" of the sale and a tax is therefore to be charged on their price. Belvedere Sand and Gravel v. Heath,259 Ark. 767, 536 S.W.2d 312 (1976). The Arkansas Supreme Court has also held that "inspection services" performed by a commercial heating and cooling business, although not taxable when performed alone, are subject to taxation when performed in conjunction with other repair activities. Ragland v. Miller Trane Serv. Agency, Inc., 274 Ark. 227, 623 S.W.2d 520
(1981).
The question for resolution is whether the "supplies charge" charged by the auto repair facility is a part of the "gross proceeds" or "gross receipts" of the repair of motor vehicles. The definition of these terms is very broad and includes the total consideration for the sale without deducting "any expenses whatsoever." It appears under this definition that the "supplies charge" should be included in the "gross proceeds" of the sale, but we are a little reluctant to so conclude. Each of the cases cited above construing the term "gross proceeds" involved an additional fee or charge which represented some distinct labor or service performed. The issue here is not an additional labor or service charge, but is a charge for products consumed by the auto shop. This fact may not appear particularly distinctive until it is recognized that in the facts before us now, unlike in the cited cases, it could possibly be argued that the inclusion of this charge as "gross proceeds" will result in double taxation. This argument will be discussed below.
The gravel supplier presumably did not pay sales tax to the independent hauler in Belvedere, and the heating and cooling business in Miller Trane did not pay a sales tax to obtain the "inspection services" its own employees performed. In the facts before us, however, the auto repair facility has already paid sales tax on the supplies it purchased for its own use, as it is required by law to do. The problem arises because the "supplies charge" is neither a "sale" nor a "service;" it is an overhead charge for items upon which the seller has already been taxed. But it is a part of the "gross proceeds" of the repair of motor vehicles. A.C.A. 26-52-301(3)(C)(i) and 26-52-103(a)(4). As was stated in Ragland v. Dumas,292 Ark. 515, 732 S.W.2d 119 (1987):
 A presumption exists that the General Assembly had no intention to impose a double taxation on the same property, at least, unless the General Assembly expressly provided by law for such double taxation.
292 Ark. at 522.
In Dumas, however, a tax was not, under the statutes, imposed in two separate instances. Under the facts here, the applicable statutes require the imposition of a tax on both transactions. Our question now becomes whether these two instances of taxation amount to "double taxation," and if so, whether such "double taxation" is prohibited under Arkansas law.
It has been stated that "there is much room for discussion and difference of opinion as to what really amounts to double taxation." 84 C.J.S. Taxation, 30 at 131. It is also stated in that section that generally:
 In order to constitute double taxation in the objectionable and prohibited sense the same property must be taxed twice when it should have been taxed but once; both taxes must be imposed on the same property or subject matter, for the same purpose, by the same state, government, or taxing authority, within the same jurisdiction or taxing district, during the same taxing period, and they must be the same kind or character of tax. [Footnotes omitted.]
84 C.J.S. Taxation, 39 at 131-132.
It appears also that "double taxation" is not prohibited by the U.S. Constitution, Illinois Central Railroad Co. v. Minnesota, 309 U.S. 157, reh. denied, 309 U.S. 695 (1940), and is prohibited only by some state constitutions. There appears to be no express constitutional prohibition against double taxation in Arkansas.
Although "double taxation" may not be unconstitutional, it is not favored by the courts. It has been stated that:
 Any construction of a statute which results in taxation of the same property twice is to be avoided if possible, or if the statute is ambiguous, uncertain, or its construction doubtful, or if it may reasonably be interpreted so as to avert that result, or if the intent to impose double taxation is not clearly expressed; and such construction should never be adopted unless necessary to effect the manifest intent of the legislature. Doubts as to whether double taxation has been imposed should be resolved in favor of the taxpayer. However, at least in jurisdictions where double taxation is not unconstitutional . . . where the language of the statute is clear, the fact that double taxation results therefrom will not justify a court in disregarding the language. [Footnotes omitted].
84 C.J.S. 41 at 137-138, citing Faris v. Helvering, 71 F.2d 610, cert. denied, 293 U.S. 584 (1934).
It is my opinion that the situation presented here does not amount to double taxation at all, because the same "property" is not being taxed twice. In the first instance, the auto shop owner is being taxed on his purchase of supplies. In the second instance, the auto shop customer is being taxed on a charge for the supplies; not the supplies themselves.
Even if it could be postulated that double taxation exists under these facts, it is my opinion that to find it impermissible would ignore the plain language of the statutes. Under the statutes, the tax is clearly to be imposed on the auto shop owner when he purchases the supplies, because it is a sale of "tangible personal property" which is not exempted. Additionally, a tax is to be charged on the "supplies charge" as a part of the "gross proceeds" of the repair of motor vehicles. To find that taxation should not be imposed in one instance or the other would require disregarding the language of the statutes. See Faris, supra.
It is therefore my opinion that the situation you describe does not result in "double taxation." But, even if "double taxation" were an issue, it is required by the language of our statutes, and would thus not be constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
MARY B. STALLCUP Attorney General
MBS:arb
[1] The dissenting justice in McCarroll, Commissioner v. Scott Paper Box Company, 195 Ark. 1105, 115 S.W.2d 839 (1938) noted that the test ordinarily applied is that of consumption and use. It was stated therein that "[w]ithout regard to quantity or price . . . the test of liability for the sales tax is whether the purchaser buys for his own consumption and use."195 Ark. at 1111.