The Honorable Carolyn Pollan State Representative 400 North 8th Street Fort Smith, AR 72901
Dear Representative Pollan:
This is in response to your request for an opinion on whether the Department of Finance and Administration ("DFA") is interpreting A.C.A. § 26-52-103(a)(4) too broadly in that their interpretation requires the payment of state sales tax on the new federal "luxury" tax.
It is my opinion that the interpretation given A.C.A. §26-52-103(a)(4) by DFA is inconsistent with Arkansas law.
Your question is prompted by a constituent who purchased a new car, the price of which exceeded thirty thousand dollars so that the new federal "luxury" tax was charged. Upon payment of the sales taxes on the car, your constituent was informed by DFA that sales tax is also calculated on the amount of the federal luxury tax. It is this practice which gives rise to your question.
It is my opinion that such a practice is neither contemplated nor authorized by Arkansas law. The relevant statute is A.C.A. §26-52-103(a)(4), which defines the "gross proceeds" of a sale for purposes of determining the applicable amount of sales tax. The statute provides:
 `Gross receipts' or `gross proceeds' means the total amount of consideration for the sale of tangible personal property and such services as are herein specifically provided for, whether the consideration is in money or otherwise, without any deduction on account of the cost of the properties sold, labor service performed, interest paid, losses, or any expense whatsoever. However, the term `gross receipts' or `gross proceeds' shall not include the manufacturer's federal excise taxes levied upon articles if the manufacturer's federal excise taxes are separately stated or separately billed. . . .
This statute defines "gross proceeds" as including "the total consideration for the sale . . . without any deduction [for] . . . any expense whatsoever. The statute then goes on to specifically exclude, however, certain manufacturer's federal excise taxes from the statute. This language has been construed as including labor charges on sales and erection of monuments,Ferguson v. Cook, 215 Ark. 373, 220 S.W.2d 808 (1949); freight charges, Belvedere Sand Gravel Co. v. Heath, 259 Ark. 767,536 S.W.2d 312 (1976); and charges for "inspection services" as a part of a full service inspection, service, and repair contract on heating and cooling devices. Ragland v. Miller Trane Serv.Agency, Inc., 274 Ark. 227, 623 S.W.2d 520 (1981).
In the last cited case, the court reviewed its prior decisions on the issue and noted that tax has been charged on added labor or services where "the value of the end product is enhanced," and where the labor or service "adds to the value [of an article] and [is] necessary to make it salable." 274 Ark. at 230. Finally, the court concluded that the inspection services in question were an "integral part of the contract." This line of reasoning, in my opinion, tracks the language of the statute which includes as "gross proceeds" the total "consideration for the sale" of tangible personal property. If the added expense adds value or enhances the product, then it is properly considered as part of the "consideration for the sale." If not, the converse is true.
None of these factors, in my opinion, are present with regard to the "luxury tax." The luxury tax does not enhance the value of the automobile, and is not, in my opinion, an "integral part" of the sale. The collection of such tax by the car dealership, in my opinion, is more analogous to the facts of Pledger v. SimpsonPress, Inc., 304 Ark. 274, 801 S.W.2d 44 (1990) where the court refused to impose a tax on the furnishing of postage by a seller of advertising brochures, which was then reimbursed by the customers. The court held that the printing company was merely acting as an agent of the customer, and that title to the brochures had passed prior to the incurring of the postage charges. In collecting the luxury tax, in my opinion, the car dealership is acting as the "agent" of the federal government.
Additionally, although it may be contended that the exception for federal excise taxes evidences a belief on the part of the legislature that taxes would otherwise be included in "gross proceeds," in my opinion the language can also be interpreted as evidence of the legislature's intention not to authorize the charging of sales tax on other taxes.
Finally, it is interesting to note that federal law provides that states sales taxes, if stated as a separate charge, are not included in the "price" of a luxury item for purposes of computing the luxury tax. See House Conf. Rep. 101-964,reprinted in 1990 U.S. Code Cong. Ad. News 2017.
It is therefore my opinion, based upon all of the foregoing, that DFA's interpretation of A.C.A. § 26-52-103(a)(4) is inconsistent with Arkansas law.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh