The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, Arkansas 72401-9563
Dear Representative Allison:
This official Attorney General opinion is rendered in response to two questions you have raised concerning gross receipts taxes on certain funeral-related expenses.
You describe a scenario in which a funeral home subcontracts with a mortuary service firm for transportation services. The funeral home in question is classified as a "Funeral Establishment Type A," which is defined by the Arkansas State Board of Embalmers and Funeral Directors as a "full service funeral firm." The mortuary service firm is classified as a "Funeral Establishment Type B," which is defined as a "mortuary service firm, and is not permitted to sell items such as caskets, shipping cases, or shipping boxes." The funeral home's contracts with the mortuary service firm enable the funeral home in question to provide full services to its customers.
In light of the above-described scenario, you have presented the following questions:
 (1) Should the transportation expenses involved in subcontracting with the mortuary service firm be taxable?
 (2) Does the mortuary firm's classification as a "Type B" organization have any bearing on the answer to Question 1?
RESPONSE
Question 1 — Should the transportation expenses involved insubcontracting with the mortuary service firm be taxable?
It is my opinion that the transportation expenses involved in subcontracting with the mortuary service firm should be taxable, if the transportation service provided by the mortuary firm is integral to the final sale made by the funeral home to its customer.
This question is governed in the first instance by regulation GR-18(A) of the Department of Finance and Administration's regulations for gross receipts taxes. That regulation states:
 Freight or Transportation Charges: All freight or transportation charges are part of the gross receipts or gross proceeds on which the tax must be collected and remitted unless the freight charges are billed directly to the purchaser by a carrier other than the seller.
GR-18(A), Gross Receipts Tax Regulations of the Department of Finance and Administration.
The Department of Finance and Administration has indicated that it interprets the above-quoted regulation to mean that transportation charges are considered to be a part of the gross receipts or proceeds of any sale that is taxable (unless the transportation charges are billed separately by the carrier). This interpretation has been upheld by the Arkansas Supreme Court. See Belvedere Sand Gravel Co. v. Heath,259 Ark. 767, 536 S.W.2d 312 (1976) (holding that the cost of delivery is part of the taxable gross receipts from the sale of sand and gravel, where delivery was not billed separately by the hauler). Accord, Pledger v.Featherlite Precast Corp., 308 Ark. 124, 823 S.W.2d 852 (1992). The court has distinguished transportation service expenses from other external expenses (such as the gratuity on meals at restaurants) on the grounds that transportation service is integral to the sale. Ragland v.Meadowbrook Country Club, 300 Ark. 164, 777 S.W.2d 852 (1989).
The question of whether a service is "integral" to a sale is a question of fact. The facts of the scenario that you have described, as you have presented them, appear to indicate that the transporation service in question is integral to the funeral home's final sale, in that it is a part of the funeral home's total sale package, and makes the final sale possible.
In addition to determining whether transportation service is integral to a funeral home's sale, it is also necessary to consider whether the sale transaction that occurs in connection with the transportation of a body is taxable. It is my opinion that such a sale is taxable. This issue is directly governed by GR-22(C), which states:
 Where a corpse is shipped by one funeral home located in Arkansas to another funeral home located in Arkansas, the tax must be collected and remitted on the gross receipts or gross proceeds derived from the sale of the casket, shipping case, shipping box and freight, by the selling funeral home.
GR-22(C), Gross Receipts Tax Regulations of the Department of Finance and Administration.
Under the above-quoted regulation, the sale transaction that occurs in connection with the transportation of a corpse (i.e., the sale of the casket, shipping case, shipping box) is taxable. It follows, then, that under the Department of Finance and Administration's interpretation of GR-18(A), the transportation charges arising out of that transaction are likewise taxable, being considered part of the gross receipts or proceeds from the taxable sale (unless such transportation charges are billed directly to the buyer by the mortuary service firm rather than by the funeral home),[1] and being considered integral to that sale.
I am aware that some question as to the applicability of GR-22(C) might arise concerning scenarios in which the transportation of a corpse is not between two funeral homes (as stated by the regulation), but rather is between two other points. Despite this arguably limiting language of the regulation, it is nevertheless my opinion that the holding of Belevedere
and of Meadowbrook, distinguishing Belvedere, dictate the same conclusion. Where the transportation of a corpse is integral to the total service package being sold to the customer by the funeral home, the expenses of the transportation should be taxable.
Question 2 — Does the mortuary firm's classification as a "Type B"organization have any bearing on the answer to Question 1?
It is my opinion that the mortuary firm's classification as a "Type B" organization does not have any bearing on the answer to Question 1.
It is the transaction, rather than the entity, that is subject to gross receipts taxes. See A.C.A. § 26-52-301. (Note the exemptions set forth in A.C.A. § 26-52-401 through -428.) See also GR-5(A), Gross Receipts Tax Regulations of the Department of Finance and Administration. Accordingly, the status of the mortuary firm will have no bearing on the question of the taxability of funeral-related transportation expenses. Even though a "Type B" organization may not be permitted to engage in taxable sales itself, its service is nonetheless taxable if integral to a taxable sale by another entity.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The phrasing of your question appears to indicate that the mortuary service firm does not bill the consumer directly.