IN RE INTEREST OF G.B., M.B., AND T.B., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES, APPELLANT, V. M.J.B., APPELLEE.
418 N.W.2d 258

Filed January 29, 1988.   No. 87-543.

Robert M. Spire, Attorney General, Royce N. Harper, and Marie C. Pawol, for appellant.

Lisa C. Lewis of Byrne, Rothery, Lewis, Bedel, Tubach & Zielinski, guardian ad litem, and Thomas V. Van Robays, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Following a June 3, 1987, review hearing, the separate juvenile court of Douglas County continued temporary custody of the subject juvenile, M.B., in and with the appellant, Nebraska Department of Social Services; found it to be necessary and in the juvenile's best interests that she be placed at the Maridell treatment center at Austin, Texas; directed the department to so place the juvenile; directed the juvenile's parents (notwithstanding the fact the court had not acquired jurisdiction of the juvenile's father) to pay any insured costs; and directed the department to bear the remaining costs. The department asserts the juvenile court erred in directing the department to make a specific placement. The department's assignment of error being meritorious, we reverse, vacate, and hold the order of the juvenile court for naught.

This matter first came to the attention of the juvenile court

on November 4, 1981, when a petition was filed alleging that the subject juvenile lacked "proper parental care by reasons of the faults or habits" of her natural mother, thus being a juvenile within the meaning of then Neb. Rev. Stat. § 43-202(2)(b) (Reissue 1978). Effective July 1, 1982, that statute was superseded by Neb. Rev. Stat. § 43-247(3) (Cum. Supp. 1982), which, to the extent material to this case, confers jurisdiction to the juvenile court in language identical to that of § 43-202(2)(b); the subsequent changes in § 43-247 (Reissue 1984 & Cum. Supp. 1986) contain no relevant amendments.

Neb. Rev. Stat. § 43-284 (Reissue 1984) provides in part:

> When any juvenile is adjudged to be under subdivision (3) of section 43-247, the court . . . may make an order committing the juvenile to the (1) care of some suitable institution, (2) care of some reputable citizen of good moral character, (3) care of some association willing to receive the juvenile . . . (4) care of a suitable family, except that under subdivision (1), (2), (3), or (4) of this section upon a determination by the court that there are no private or other public funds available for the care, custody, education, and maintenance of a juvenile, the court may order a reasonable sum for the care, custody, education, and maintenance of the juvenile to be paid out of a fund which shall be appropriated annually by the county where the petition is filed until suitable provisions may be made for the juvenile without such payment, or (5) care and custody of the Department of Social Services. . . .
> The Department of Social Services shall have the authority to determine the care, placement, medical services, psychiatric services, training, and expenditures on behalf of each child committed to it.

Section 43-284 has recently been amended, but these amendments are not relevant to the issue presently before us. See § 43-284 (Supp. 1987).

In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Interest of Richter*, 226 Neb. 874, 415

N.W.2d 476 (1987); *Lawson v. Ford Motor Co.*, 225 Neb. 725, 408 N.W.2d 256 (1987).

The parties to this appeal do not claim § 43-284 is ambiguous; indeed, the words used in the statute are plain, direct, and unambiguous, and the plain and ordinary meaning of this language is clear: The juvenile court may commit a child adjudged to fall within the purview of § 43-247(3) to a variety of placements in accordance with the juvenile's best interests. If, however, the placement is other than in and with the department, the county in which the petition was filed is responsible for costs which cannot be borne otherwise. On the other hand, if the court commits a child to the department, the department, as the entity which must pay the costs not otherwise borne, has the sole authority to determine the child's care and placement. Without specifically claiming that the questioned portion of § 43-284 violates the distribution of powers provision contained in Neb. Const. art. II, § 1, the juvenile in the present case contends the statute

> contradicts the very nature of the reasoning behind the separation of powers, and it would be ludicrous to think that the Juvenile Court would have to abide by a decision of the Nebraska Department of Social Services regarding the care of a child, even if the Court knew that such care was not in the best interest of that child.

Brief for Appellee at 9.

Ignoring for now the epistemological question implicit in the juvenile's contention, and indeed in the very existence of separate juvenile courts, it is sufficient to note that the statute in question does not restrict the court in the manner the juvenile contends. Under the statute, if the juvenile court finds that the placement selected by the department is not in a child's best interests and that some other placement would better serve those interests, the court is free to remove the child from the custody of the department and place the child wherever the court concludes best meets the child's needs. Of course, if the court elects to do so, the county in which the petition was filed will have to bear any costs not otherwise borne. This is not an impermissible constraint on the authority of the court but, rather, a rational method of allocating costs hand-in-glove with

authority, and one which the Legislature is clearly permitted to indulge. See, *Lenstrom v. Thone,* 209 Neb. 783, 311 N.W.2d 884 (1981) (which, in approving a legislatively adopted scholarship program, observed that the Legislature has plenary legislative authority limited only by state and federal Constitutions and that restrictions to legislative power are not to be inferred unless clearly implied); *State ex rel. Meyer v. State Board of Equalization & Assessment,* 185 Neb. 490, 176 N.W.2d 920 (1970) (which, in approving a legislatively imposed ceiling on annual personal service expenditures, quoted with approval the statement that control of the purse strings of government is the supreme legislative prerogative, indispensable to the independence and integrity of the Legislature, and not to be surrendered or abridged save by the Constitution itself).

As § 43-284 does not offend the distribution of powers provision of this state's Constitution, and we find no constitutional language which either expressly or by implication clearly restricts the power of the Legislature to allocate costs commensurate with authority as it did in the statute in question, the order of the separate juvenile court is a nullity.

REVERSED AND VACATED.