JOSEPH MATRISCIANO, APPELLANT, V. BOARD OF EDUCATION OF BRADY SCHOOL DISTRICT NO. 6, LINCOLN COUNTY, NEBRASKA, APPELLEE.

459 N.W.2d 230

Filed August 17, 1990.   No. 88-643.

Steven D. Burns and Beverly Evans Grenier, of Burns & Grenier, P.C., for appellant.

Kay & Kay for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This case arose out of a controversy between the plaintiff, Joseph Matrisciano, and the defendant, the board of education of Brady School District No. 6, Lincoln County, Nebraska, concerning a contract of employment. On September 9, 1985, the parties entered into a written contract for the employment of the plaintiff as superintendent of schools for a period of 2 years commencing July 1, 1985, and expiring July 1, 1987.

Section 15 of the contract provided: "Failure to notify the SUPERINTENDENT in writing no later than one full year prior to the termination of the contract of the Board's intent not to renew the contract shall automatically result in a one-year extension of the existing contract." Since the district did not notify the plaintiff "one full year" prior to July 1, 1987, the contract automatically was extended to July 1, 1988.

At a regular meeting held on June 8, 1987, the board of education voted unanimously to not renew the plaintiff's contract. On June 15, 1987, the board notified the plaintiff in writing of its decision not to renew his contract. This notice satisfied the requirement of section 15 of the contract and avoided a second automatic extension of the contract to July 1, 1989. The notice, however, had no effect on the plaintiff's employment for the 1987-88 school year.

In a letter to the board dated June 12, 1987, the plaintiff

requested a hearing. In a letter dated June 29, the board responded that a hearing was premature because the action at the meeting of June 8 and the letter of June 15 were notice of the board's intent not to renew in satisfaction of section 15 of the contract and that the board was not required to give notice of an intent not to offer a contract of employment for the 1988-89 school year until April 15, 1988.

In a letter to the plaintiff dated February 1988, the board notified the plaintiff that it was considering nonrenewal of his contract for the 1988-89 school year. In a letter to the board dated February 16, 1988, the plaintiff requested a due process hearing regarding his employment for the 1988-89 school term.

In a letter to the plaintiff dated March 9, 1988, the board notified the plaintiff that an informal hearing regarding nonrenewal of his contract for the 1988-89 school year would be held on March 14. The letter further advised the plaintiff of the reasons for consideration of nonrenewal of his contract.

Matrisciano filed this action in the district court on March 9, 1988. The petition alleged four causes of action.

Cause of action I prayed for a judgment declaring that the defendant had breached the contract. Cause of action II prayed for an injunction restraining the defendant from conducting an informal hearing. Cause of action III prayed for damages for breach of contract. Cause of action IV prayed for damages for oppression under color of office, in violation of Neb. Rev. Stat. § 28-926 (Reissue 1989).

On March 14, the trial court granted a temporary injunction restraining the board from holding the hearing that had been scheduled for that day and set the case for trial on June 1, 1988. Trial on the first two causes of action commenced on June 1.

The trial court found that the notice to the plaintiff on June 15, 1987, prevented an automatic extension of the contract under section 15 of the contract beyond July 1, 1988. The trial court further found that the district had complied with Neb. Rev. Stat. § 79-12,114 (Reissue 1987), dismissed the first two causes of action, and dissolved the temporary injunction. On June 3, 1988, the trial court dismissed the last two causes of action.

The plaintiff has appealed and contends the trial court erred

in finding that Neb. Rev. Stat. § 79-12,111(3) (Reissue 1987) did not apply to section 15 of the contract.

The statutes provide separate procedures for nonrenewal of contracts of probationary and tenured employees. Since the plaintiff was employed as a superintendent of schools, he is considered to be a probationary certificated employee. Neb. Rev. Stat. § 79-12,107 (Reissue 1987).

Section 79-12,111 provides the procedures relating to the nonrenewal of contracts of probationary certificated employees in Nebraska's public schools, in pertinent part, as follows:

(3) In the event that the school board or superintendent or superintendent's designee should determine that it is appropriate to consider whether the contract of a probationary certificated employee or the superintendent should be amended or not renewed *for the next school year*, such certificated employee shall be given written notice that the school board will consider the amendment or nonrenewal of such certificated employee's contract for the ensuing school year. Upon request of the certificated employee, notice shall be provided which shall contain the written reasons for such proposed amendment or nonrenewal and shall be sufficiently specific so as to provide such employee the opportunity to prepare a response and the reasons set forth in the notice shall be employment related.

. . . .

(5) Within seven calendar days after receipt of the notice, the probationary certificated employee may make a written request to the secretary of the school board or the superintendent or the superintendent's designee for a hearing before the school board.

(6) Prior to scheduling of action or a hearing on the matter, *if requested*, the notice of possible amendment or nonrenewal and the reasons supporting possible amendment or nonrenewal shall be considered a confidential employment matter as provided in sections 79-4,156 to 79-4,158 and 84-1410 and shall not be released to the public or any news media.

(7) At any time prior to the holding of a hearing or prior to final determination by the school board to amend or not renew the contract involved, the probationary certificated employee *may* submit a letter of resignation for the ensuing year, which resignation shall be accepted by the school board.

(8) The probationary certificated employee shall be afforded a hearing *which shall not be required to meet the requirements of a formal due process hearing* as set forth in section 79-12,115, but shall be subject to *section 79-12,116.*

(Emphasis supplied.)

The notice referred to in § 79-12,111(3) relates to nonrenewal of a contract of employment *for the next school year.* The notice referred to in section 15 of the contract relates to the school year following the next school year. The finding of the trial court was correct, and the plaintiff's assignment of error is without merit.

Under § 79-12,111(8), a probationary employee is entitled to only an informal hearing, not a formal due process hearing as the plaintiff contends. There is no merit in the plaintiff's contention to the contrary.

The language of the statute is direct and its meaning is clear. Courts must not read into a statute a meaning which is not warranted by the legislative language. *Anderson v. Autocrat Corp.*, 194 Neb. 278, 231 N.W.2d 560 (1975). This court will not resort to interpretation to ascertain the meaning of statutory language which is plain, direct, and unambiguous. *In re Interest of G.B., M.B., and T.B.*, 227 Neb. 512, 418 N.W.2d 258 (1988).

The district court properly construed the contract and the applicable Nebraska statutes. Section 79-12,111(3) applies only to nonrenewal for the next school year. That language is clear and unambiguous. The action of the board at its regular meeting on June 8, 1987, and the June 15, 1987, letter to the plaintiff related solely to the renewal provision in the contract for the 1988-89 school year, and not to the next school year, which was the 1987-88 school year.

The plaintiff argues that he was entitled to notice and a hearing prior to the action taken by the board on June 8, 1987.

However, since the action of the board at its June 8 meeting was not final action on the plaintiff's employment for the 1988-89 school year, there was no statutory requirement of notice and hearing. The action related solely to section 15 of the contract. The board was complying with the notification requirement in section 15 of the contract, so as to prevent an automatic 1-year extension of the contract.

Section 79-12,111(3) pertains to nonrenewal "for the next school year." The action taken by the board on June 8, 1987, involved the 1988-89 school year. It did not involve the next school year, which was the 1987-88 school year. Accordingly, § 79-12,111(3) did not apply to the action by the board on June 8.

The board complied with §§ 79-12,111(3) and 79-12,114 by giving notice to the plaintiff in February 1988 that it was considering nonrenewal of his contract of employment with the school district for the 1988-89 school year.

The plaintiff contends that the district court's decision "destroyed statutory rights to confidentiality and private resignation; rights to which [he] was otherwise entitled" under §§ 79-12,111(6) and (7). Brief for appellant at 7. Section 79-12,111 applies to action by the board concerning the next school year. The action taken on June 8, 1987, did not concern the next school year.

Furthermore, § 79-12,111(6) provides for confidentiality of the notice of nonrenewal and the reasons supporting such decision *if requested* by the employee. There is nothing in the record to show that the plaintiff made such a request.

Section 79-12,111(7) provides that an employee *may* resign at any time prior to the hearing or prior to final determination by the school board and that such a resignation shall be accepted by the board. There is nothing in the record showing that the plaintiff tendered his resignation to the board prior to the hearing that was scheduled on this matter.

The district court was correct in finding that § 79-12,111 did not apply to the board's action on June 8, 1987, and the letter of June 15, 1987, and that the board had complied with the appropriate statutory requirements in February and March 1988. The plaintiff's causes of action for damages for breach of

contract and for oppression under color of office, which causes included breach of the duty of confidentiality and the right of resignation, were properly dismissed.

The judgment of the district court is affirmed in all respects.

AFFIRMED.