39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
PELICAN STATE SUPPLY COMPANY, INC.
v.
CUSHMAN Inc., Appellee.
 No. 93-4105.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 21, 1994.
Filed: Oct. 27, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pelican State Supply Company, Inc. ("Pelican") appeals the district court's[1] dismissal for failure to state a claim. We affirm.
 
 
 2
 Pelican, a Louisiana corporation, and Cushman, Inc. ("Cushman"), a Nebraska corporation, entered into a Master Dealer Agreement ("Agreement") under which Pelican distributed Cushman's commercial turf products in Louisiana and Mississippi. The Agreement provided: "THIS AGREEMENT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEBRASKA."
 
 
 3
 In its amended complaint in this diversity action, Pelican alleged that Cushman terminated and/or failed to renew the Agreement without good cause, in violation of the Nebraska Business Equipment Regulation Act ("NEBRA"), Neb. Rev. Stat. Secs. 87-701 to 87-711 (R. S. Supp. 1993). On Cushman's motion, the district court dismissed without prejudice, holding that Pelican was not protected by NEBRA because the statute protected only dealerships located in Nebraska.
 
 
 4
 We review de novo a district court's determination of state law, Salve Regina College v. Russell, 499 U.S. 225, 231 (1991), and we must predict how the Nebraska Supreme Court would decide this case of first impression under Nebraska law. Brandenburg v. Allstate Ins. Co., 23 F.3d 1438, 1440 (8th Cir. 1994).
 
 
 5
 Section 87-703(3) of NEBRA defines a protected "dealer or dealership" under the Act as "an individual, partnership, corporation, association, or other form of business enterprise primarily engaged in the retail sale and service of equipment in this state pursuant to any oral or written agreement...." Pelican does not dispute that, under this provision, NEBRA ordinarily protects only dealerships located in Nebraska. Pelican also has not asserted any basis for not enforcing the parties' choice of Nebraska law. Cf. Modern Computer Sys. v. Modern Banking Sys., 871 F.2d 734, 739-40 (8th Cir. 1989). Rather, Pelican argues that the parties' contractual choice of Nebraska law "negates" NEBRA's place-of-business requirement, and therefore affords Pelican protection under the statute.
 
 
 6
 We find that the natural and obvious meaning of the Agreement's choice-of-law clause is that the law of the state of Nebraska, including all case and statutory law, governs the contract. See Dalton Buick v. Universal Underwriters Ins. Co., 512 N.W.2d 633, 640 (Neb. 1994) (Nebraska courts favor the natural and obvious meaning of a contractual provision); Metropolitan Life Ins. Co. v. Beaty, 493 N.W.2d 627, 630 (Neb. 1993); Restatement (Second) of Conflicts, Secs. 4, 8 cmt. a (1971) (explaining that "law" and "local law" refer to state's entire body of law). We decline to interpret the clause's plain language to selectively "negate" a provision of Nebraska law, or to apply Nebraska law as if Pelican were a dealership operating in Nebraska. See Dalton, 512 N.W.2d at 640 (Nebraska courts will not assign fanciful, curious or hidden meaning to contract language). Neither do we find anything in the statute or legislative history that suggests NEBRA should be applied extraterritorially when an out-of-state dealership contractually chooses Nebraska law to govern its contract. See Matrisciano v. Board of Educ., 459 N.W.2d 230, 233 (Neb. 1990) (Nebraska courts will not read into a statute a meaning not warranted by the legislative language.) See also Highway Equip. Co. v. Caterpillar, Inc., 908 F.2d 60, 63-64 (6th Cir. 1990) (parties' contractual choice of Illinois law did not negate place- of-business requirement in Illinois Franchise Disclosure Act where party seeking protection was located in Ohio).
 
 
 7
 Pelican argues that Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., No. CV87-0-746 (D. Neb. Feb 25, 1988), rev'd, 858 F.2d 1339 (8th Cir. 1988), reh'g granted and vacated, 871 F.2d 734 (8th Cir. 1989) (en banc), impliedly held that a contractual choice-of-law negates a statutory place-of-business requirement. We find Pelican's reliance misplaced, as Modern Computer Sys. addressed only the issue of which state's law applied under conflict-of-law principles and did not reach the issue we resolve today. Because Nebraska law excludes Pelican from NEBRA's protection, the district court properly dismissed for failure to state a claim.
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska