AFFILIATED FOODS COOPERATIVE, INC., APPELLEE AND
CROSS-APPELLANT, v. STATE OF NEBRASKA ET AL.,
APPELLANTS AND CROSS-APPELLEES.
611 N.W.2d 105

Filed May 26, 2000.   No. S-98-1216.

Don Stenberg, Attorney General, and L. Jay Bartel for appellants.

David A. Domina and James F. Cann, of Domina Law, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This case presents the question whether charges for U.S. postage are a "cost of transportation" subject to Nebraska sales tax.

The appellants are the State of Nebraska, the Nebraska Department of Revenue (Department), and the State Tax Commissioner (collectively the State). The Department issued a deficiency assessment against Affiliated Foods Cooperative, Inc. (Affiliated Foods), for failure to collect sales tax on U.S. postage. Affiliated Foods used the postage to mail grocery advertisements to its members' customers. The State Tax Commissioner sustained the deficiency assessment. On appeal, the district court for Lancaster County ordered Affiliated Foods to pay only a portion of the deficiency assessment. The State appealed pursuant to Neb. Rev. Stat. § 84-913 (Reissue 1994) of the Administrative Procedure Act, and Affiliated Foods cross-appealed. We determine that charges for postage are a cost of transportation under Neb. Rev. Stat. §§ 77-2702.07(1)(c) and 77-2702.17(1)(c) (Cum. Supp. 1992), and are subject to sales tax. We affirm in part, and in part reverse and remand with directions.

## BACKGROUND

Affiliated Foods, a grocery wholesaler, is a cooperative owned by approximately 560 independent grocery retailers (members). Affiliated Foods acquires and warehouses food and other items for members to purchase and resell in their retail stores.

In addition to providing groceries at wholesale, Affiliated Foods operates a printing department that offers advertising services to members. This department puts together and sells weekly grocery ads for members to use in their businesses. Each member chooses the number of ads to purchase and the method by which the ads are distributed. One option is for Affiliated Foods to mail the ads directly to its members' customer lists. In this case, Affiliated Foods prints its bulk mail registration on the ads, then sorts, bags, and delivers them to the post office. Members are charged a printing cost for each ad, approximately 3 cents per ad, plus sales tax. There is no charge for the service of sorting, bagging, or delivering the ads to the post office. Members are charged for the amount of postage required to mail the ads, but Affiliated Foods does not collect sales tax on the price of postage.

The other distribution option is for Affiliated Foods to deliver the ads directly to a member's retail store. In this case, Affiliated Foods puts the ads on a delivery truck with the member's food order. There is a charge for the printing cost of each ad, approximately 3 cents per ad, plus sales tax. There is no charge for delivery of the ads to the store via delivery truck. Once the ads reach the store, the member distributes them to its customer list.

In either case, the billing for the ads appears on each individual member's weekly statement. Appearing on the statement is a charge for the ads and a separate charge for postage if the ad is distributed directly to a member's customer list. Sales tax is applied to the charge for the ads, but not for the postage.

The Department audited Affiliated Foods for the period of time between March 1, 1990, and February 28, 1993. A deficiency assessment was issued for sales tax on the postage charges paid to Affiliated Foods by its members who selected distribution of ads directly to their customer lists. The Department determined that the postage charges were part of the sales price and/or gross receipts of the ads under §§ 77-2702.17 and 77-2702.07. On the basis of this determination, the Department asserted that the postage charges were subject to sales tax.

Affiliated Foods protested the deficiency assessment, and the Tax Commissioner concluded that the assessment was proper and ordered payment. Affiliated Foods appealed the Tax Commissioner's decision to the district court under the Administrative Procedure Act. Upon a de novo review of the record made before the Tax Commissioner, the district court reversed in part and affirmed in part. It ordered Affiliated Foods to pay the portion of the deficiency assessment that accrued after January 24, 1993, the effective date of the revised Nebraska Sales and Use Tax Regulation 1-079, 316 Neb. Admin. Code, ch. 1, § 079 (1994). The district court determined that it would be inequitable to enforce the deficiency assessment for the entire audit period because Affiliated Foods had little warning that postage was taxable prior to passage of the 1993 regulation.

The State has appealed the district court's order reversing the deficiency assessment prior to January 24, 1993. Affiliated Foods has cross-appealed the district court's order upholding the deficiency assessment after January 24.

## ASSIGNMENTS OF ERROR

The State contends that the district court erred in (1) finding that the deficiency assessment was invalid for the period of time prior to the effective date of the revised regulation 1-079 and (2) failing to uphold the deficiency assessment for the entire assessment period when postage charges are a cost of transportation subject to sales tax under §§ 77-2702.17 and 77-2702.07.

On cross-appeal, Affiliated Foods contends that the district court erred in finding that (1) postage charges constitute a taxable cost of transportation under the definitions of gross receipts and sales price found in §§ 77-2702.07(1)(c) and 77-2702.17(1)(c) and (2) Affiliated Foods is liable for sales tax on postage charges incurred after the effective date of the revised regulation 1-079.

## STANDARD OF REVIEW

■ A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Lackawanna Leather Co. v. Nebraska Dept. of Revenue, ante* p. 100, 608 N.W.2d 177 (2000).

■ When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ In instances where an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

The audit period for sales and use taxes for Affiliated Foods ran from March 1, 1990, to February 28, 1993. During that period, there were minor substantive changes to the language of the relevant statutory provisions, as well as changes to the statute's numbering scheme. These changes, however, do not have a material impact on the outcome of this appeal. For the

sake of clarity, therefore, we will refer to the statutory provisions as they existed in 1993, the end of the audit period.

■ Whether Affiliated Foods is liable for sales tax on postage charges depends on the meaning of the term "cost of transportation," found in the statutory definitions of gross receipts and sales price. See Neb. Rev. Stat. § 77-2703 (Cum. Supp. 1992). Interpretation of a statute presents a question of law. *In re Interest of Joshua M. et al.*, 256 Neb. 596, 591 N.W.2d 557 (1999). Under § 77-2703(1), sales tax is imposed upon the *gross receipts* from all sales of tangible personal property sold at retail in this state. Gross receipts, in turn, are determined according to the total amount of the *sale price* of the retail sales of retailers. § 77-2702.07(1). The gross receipts, § 77-2702.07, and sales price, § 77-2702.17, both include the cost of transportation of the property sold. If postage charges are a cost of transportation, then postage is included in the sales price and gross receipts. Thus, Affiliated Foods is liable for sales tax on postage if it is a cost of transportation.

### POSTAGE CHARGES AS COST OF TRANSPORTATION

■ The term "cost of transportation" is not defined in chapter 77, entitled "Revenue and Taxation," of the Nebraska Revised Statutes. A statute is open for construction to determine its meaning only when the language used requires interpretation or may reasonably be considered ambiguous. *Neb. Account. & Disc. v. Citizens for Resp. Judges*, 256 Neb. 95, 588 N.W.2d 807 (1999). The term "cost of transportation" is ambiguous. On its face, it neither includes nor excludes postage charges. Therefore, we shall construe the term "cost of transportation," as used in § 77-2702.07(1)(c) (gross receipts) and § 77-2702.17(1)(c) (sales price), to determine whether it includes postage charges.

Section 77-2702.07 provides the following definition for gross receipts:

> (1) Gross receipts shall mean the total amount of the *sale* or lease or rental *price*, as the case may be, of the retail sales of retailers valued in money whether received in money or otherwise, without any deduction on account of any of the following:

. . . .

 (c) *The cost of transportation* of the tangible personal property prior to its sale to the purchaser.

(Emphasis supplied.) The definition for sales price, found at § 77-2702.17, provides:

 (1) Sales price shall mean the total amount for which tangible personal property is sold valued in money whether paid in money or otherwise, without any deduction on account of:

. . . .

 (c) *The cost of transportation* of the tangible personal property. The total amount for which tangible personal property is sold shall include any services which are a part of the sale and any amount for which credit is given to the purchaser by the seller.

(Emphasis supplied.) Under these statutory definitions, transportation costs are taxable as gross receipts when the transportation of the tangible personal property occurs prior to the retail sale. There is no reference to transportation costs when the transportation occurs after the retail sale. A 1985 amendment to the Nebraska Revenue Act of 1967, however, dictates the treatment of costs for transportation *after* a retail sale. See 1985 Neb. Laws, L.B. 715.

Before 1985, Neb. Rev. Stat. § 77-2702 (Cum. Supp. 1984) contained specific exclusions for the cost of transportation of tangible personal property *after* a retail sale. In addition to the language cited above, the definition for gross receipts went on to provide: "Gross receipts *does not include* any of the following: . . . (vii) Charges for transportation of tangible personal property *after* sale." § 77-2702(4)(d)(vii). The definition of sales price contained similar language: "Sales price *does not include* any of the following: . . . (vii) Charges for transportation of tangible personal property *after* sale." § 77-2702(15)(b)(vii). In general terms, this meant that transportation costs were excluded from the sales price and gross receipts if transportation of the property occurred *after* the retail sale. These exclusions were deleted in 1985. See 1985 Neb. Laws, L.B. 715.

The 1985 amendment indicates the Legislature's intent to expand the reach of the sales and use tax. Since 1985, all trans-

portation costs have gone into the calculation of gross receipts. The expansive nature of the 1985 amendment aids our interpretation of §§ 77-2702.07(1)(c) and 77-2702.17(1)(c); we shall read the term "cost of transportation" as broadly as possible so as to achieve the purpose of the sales and use tax provisions as amended in 1985. See *Southeast Rur. Vol. Fire Dept. v. Neb. Dept. of Rev.*, 251 Neb. 852, 864, 560 N.W.2d 436, 444 (1997) ("when a challenged statute is susceptible of more than one reasonable construction, a court uses the construction that will achieve the purposes of the statute and preserve the statute's validity").

In addition, Nebraska Sales and Use Tax Regulation 1-079 is instructive in our analysis of whether postage is a cost of transportation. Regulation 1-079 was adopted by the Department under its authority to adopt regulations implementing the sales and use tax statutes. Agency regulations, properly adopted and filed with the Secretary of State of Nebraska, have the effect of statutory law. *Lackawanna Leather Co. v. Nebraska Dept. of Revenue, ante* p. 100, 608 N.W.2d 177 (2000). We are mindful of the fact that the revised regulation 1-079 did not come into effect until January 24, 1993. The outcome of this appeal, however, turns on our interpretation of §§ 77-2702.07(1)(c) and 77-2702.17(1)(c), not on the validity of regulation 1-079. Therefore, we will consider the regulation only as a guide to our interpretation of §§ 77-2702.07(1)(c) and 77-2702.17(1)(c).

Regulation 1-079, 316 Neb. Admin. Code, ch. 1, § 079 (1994), which interprets § 77-2702.07 (gross receipts) and § 77-2702.17 (sales price), provides:

> 079.01 Charges for delivery, freight, *postage*, shipping, or transportation of an item are taxable whenever the item is taxable and the charges for delivery are paid to the retailer of the item.

> 079.02 Charges for delivery, freight, *postage*, shipping, or transportation that are paid to a person other than the retailer are exempt.

(Emphasis supplied.) From this regulation, it is clear that the State interprets the definitions of gross receipts and sales price to include postage as a cost of transportation. Although con-

struction of a statute by a department charged with enforcing it is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation. *Metropolitan Utilities Dist. v. Balka*, 252 Neb. 172, 560 N.W.2d 795 (1997).

In light of regulation 1-079 and the expansive nature of the 1985 amendments to § 77-2702, we conclude that postage is included in the gross receipts and sales price as a cost of transportation under §§ 77-2702.07(1)(c) and 77-2702.17(1)(c). Therefore, Affiliated Foods is liable for sales tax on the postage used to mail advertising flyers to its members' customers.

### PERIOD OF LIABILITY

The district court ordered Affiliated Foods to pay the deficiency assessment from January 24, 1993, through the end of the audit period. The district court reasoned that regulation 1-079, effective January 24, was Affiliated Foods' first reasonable notice regarding sales tax on postage charges. Therefore, it reversed the deficiency assessment for the period before January 24.

We conclude that the district court erred in reversing the deficiency assessment for the audit period prior to January 24, 1993. Affiliated Foods is liable for sales tax on postage charges under §§ 77-2702.07(1)(c) and 77-2702.17(1)(c). These provisions have not materially changed since 1985. These statutory provisions were sufficient notice to Affiliated Foods that sales tax was due on postage. Therefore, we conclude that the deficiency assessment is valid for the entire audit period, from March 1, 1990, to February 28, 1993.

### REIMBURSEMENT FOR POSTAGE CHARGES

Affiliated Foods argues that the district court erroneously found that the postage charges incurred in mailing the advertisements to the members' customers were part of the purchase price for the advertising materials. In essence, Affiliated Foods argues that it was simply *reimbursed* for the cost of postage which it *passed through* to members who had the ads mailed directly to their customers by Affiliated Foods.

Affiliated Foods' argument on this subject involves a question of fact. Therefore, we review the district court's order for errors

appearing on the record. The district court upheld the deficiency assessment for the period after January 24, 1993. Implicit in its holding is the factual determination that Affiliated Foods mailed the advertisements to its members' customers as part of the retail sale of the advertisements.

We conclude that there is competent evidence to support the district court's factual finding on this issue. First, the Affiliated Foods policies and programs handbook states that "[a]n agreement form is required for retailers who wish to participate in [Affiliated Foods'] weekly ad group." The agreement form allows each member to choose, in writing, the method by which Affiliated Foods is to distribute the ads. If a member chooses to have Affiliated Foods apply its bulk mail registration to the ads and mail them directly to the member's customer list, the postage charge appears on the member's weekly billing statement. This evidence is competent to support the district court's finding that the ads were mailed as part of their retail sale. Thus, Affiliated Foods' argument on this point is without merit.

### U.S. POSTAGE AS NONTAXABLE FEDERAL TAX

Affiliated Foods also argues that postage is not included as a cost of transportation under Nebraska statutory law because the nature of the U.S. Post Office prevents the Department from assessing sales tax on postage. Essentially, Affiliated Foods argues that the State does not have the authority to tax postage because postage itself is a type of federal tax. This argument is without merit because the district court correctly found that Affiliated Foods mailed the advertisements as part of its retail sale. The postage was used to deliver property sold at retail; the tax was imposed upon the gross receipts of the retail sale, not on the postage itself.

### *PLEDGER V. SIMPSON PRESS, INC.*, DISTINGUISHED

Finally, Affiliated Foods cites a decision by the Arkansas Supreme Court in which it determined that postage charges were not part of the sales price of advertising brochures. See *Pledger v. Simpson Press, Inc.*, 304 Ark. 274, 801 S.W.2d 44 (1990). In *Simpson Press, Inc.*, the defendant-appellee, Simpson Press, printed advertising brochures for direct mail advertisers. Upon a

customer's request, Simpson Press would use its bulk mail permit to purchase the necessary postage and mail the brochures. Under this arrangement, Simpson Press would first collect the estimated cost of the postage from the customer, then later make an adjustment to the customer's account if necessary. Simpson Press charged sales tax on the advertising brochures, but not on the postage charges. The Arkansas Department of Finance and Administration performed an audit of Simpson Press and assessed a sales tax on the postage charges.

The Arkansas Supreme Court held that Simpson Press' postage and mailing service should not be included as a part of the sale of the advertising brochures for two reasons. First, the Arkansas court determined that Simpson Press was merely acting as its customers' agent by providing a postage and mailing service. The Arkansas court reasoned that tax could not be collected from Simpson Press because it merely offered a service for its customers' convenience. Under Arkansas statutory law, a sale shall not include the furnishing or rendering of services, except as provided, and neither postage nor mailing is a service provided for in the Arkansas statutes. See, currently, Ark. Code Ann. § 26-52-103(a)(3)(E) (Michie 1997 & Supp. 1999). We are not persuaded by this rationale because the Nebraska statutes provide that "[t]he total amount for which tangible personal property is sold *shall include any services which are a part of the sale . . . .*" (Emphasis supplied.) § 77-2702.17(1)(c).

The second basis for the Arkansas Supreme Court's holding is also inapplicable under Nebraska statutory law. The Arkansas court stated that "[i]n determining whether transportation charges incurred in delivering goods to a buyer are subject to taxes, the factor having the most bearing is the *passage of title* to the goods from seller to buyer." (Emphasis supplied.) *Pledger v. Simpson Press, Inc.*, 304 Ark. at 277, 801 S.W.2d at 45-46. As discussed, the 1985 amendments to Nebraska's sales and use tax provisions eliminated the distinction between transportation charges incurred before the sale versus transportation charges incurred after the sale. See 1985 Neb. Laws, L.B. 715.

*Simpson Press, Inc.*, does not add persuasive authority to Affiliated Foods' argument. When the cost of transportation is

paid directly to Affiliated Foods, it is taxable. See §§ 77-2702.07(1)(c) and 77-2702.17(1)(c).

## CONCLUSION

Because the members paid Affiliated Foods for the postage on the ads, the postage charges were taxable. Postage is a cost of transportation. The cost of transportation is included in the gross receipts upon which sales tax is imposed. See §§ 77-2702.07(1)(c) and 77-2702.17(1)(c). Therefore, the deficiency assessment was properly imposed upon Affiliated Foods for the entire audit period. We affirm in part, and in part reverse and remand with directions to enter an order upholding the deficiency assessment for the entire statutory period.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.