REQUESTED BY: Ron Ross, Director of Nebraska Department of Health and Human Services
You have requested an opinion from our office on the application of two amended statutes to Nebraska Counties. In particular, you wish to know whether we believe counties are subject to the powers of the Office of Public Counsel if those counties contract with the Nebraska Department of Health and Human Services (hereinafter "HHS") to provide health and human services on behalf of HHS. You believe there is a conflict between Neb. Rev. Stat. §§ 73-401 and 81-8,240 (Cum. Supp. 2002), and wish to know whether contracts between HHS and Nebraska counties must contain a clause requiring the contracting county to submit to the Public Counsel's jurisdiction.
In response to your question, we have examined Neb. Rev. Stat. §§ 73-401 and 81-8,240. It appears that both were amended in 1997 by 1997 Neb. Laws LB 622 §§ 120 and 121. The amendments contained in 1997 Neb. Laws LB 622 modify both statutes to include corporations, partnerships, businesses, firms, governmental entities and persons (hereinafter "Contractors") who are providing health and human services to individuals under contract with the State of Nebraska as parties which must submit to the Public Counsel's jurisdiction. The Public Counsel, commonly known as the "Ombudsman", has the powers enumerated in Neb. Rev. Stat. § 81-8,245, and may investigate both State entities and Contractors. See Neb. Rev. Stat. §§ 81-8,240 to 81-8,254. Prior to the inclusion of Contractors as additional entities within the Public Counsel's jurisdiction, only departments, boards, commissions and other governmental units, offices and employees of the State of Nebraska purporting to act by reason of connection with the State of Nebraska were under the Public Counsel's jurisdiction. Neb. Rev. Stat. § 73-401
(Reissue 1996).
The alleged conflict appears by comparing the statutory terms of Neb. Rev. Stat. §§ 73-401 and 81-8,240 (Cum. Supp. 2002) as they apply to "political subdivisions". Neb. Rev. Stat. § 73-401 requires Contractors to have a clause in their contracts requiring the Contractors to submit to the Public Counsel's jurisdiction. The types of Contractors listed includes "governmental entities" in both Neb. Rev. Stat. §§73-401 and 81-8,240. You indicate that a county believes it is excluded from this required Public Counsel contract clause in its contract with HHS, and a county does not believe it must submit to the Public Counsel's jurisdiction as a matter of law. The definition of "administrative agency" in Neb. Rev. Stat. § 81-8,240(1) includes all government agencies, boards and now their Contractors, thanks to 1997 Neb. Laws LB 622. However, Neb. Rev. Stat. § 81-8,240(1)(d) specifically excludes "political subdivisions" from being an "administrative agency". This political subdivision exclusion means those entities which are "political subdivisions" are not considered "administrative agencies" under Neb. Rev. Stat. § 81-8,240(1), and are not subject to the Public Counsel's jurisdiction. HHS believes that once a county voluntarily agrees to be a Contractor, the provisions of Neb. Rev. Stat. § 73-401 apply, and the county's contract requires it to submit to the Public Counsel's jurisdiction.
The statutory conflict apparently turns on whether a county is a "governmental entity" which must submit to the Public Counsel's jurisdiction, or is a "political subdivision" which is excluded from the Public Counsel's jurisdiction. At the outset, it is clear that a county is a "political subdivision" and has only that power delegated to it by the Legislature. Guenzel-Handlos v. County of Lancaster, 265 Neb. 125,128, 655 N.W.2d 384, 387 (2003). And there is little doubt a county is certainly a "governmental entity". See Neb. Rev. Stat. § 13-702.
However, is a county acting as a Contractor included in the broader "political subdivision" category exempted in Neb. Rev. Stat. §81-8,240? We must determine whether the Legislature, by adding the term "governmental entities" into Neb. Rev. Stat. §§ 73-401 and 81-8,240
via 1997 Neb. Laws LB 622, intended to limit the meaning of the pre-existing term "political subdivisions" contained in Neb. Rev. Stat. § 81-8,240. Since both Neb. Rev. Stat. §§ 73-401 and 81-8,240
contain the term "governmental entities" in relation to being Contractors, then both statutes apply to the same subject matter, and must be considered in conjunction. The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. Jacob v. Schlichtman, 261 Neb. 169, 175,622 N.W.2d 852, 856 (2001). Since the term "political subdivisions" may include counties, or may apply to the myriad of other "political subdivisions" besides counties, then there is an ambiguity as to its meaning. A statute is open for construction to determine its meaning only when the language used requires interpretation or may reasonably be considered ambiguous. Affiliated Foods Co-op., Inc. v. State, 259 Neb. 549,553, 611 N.W.2d 105, 109 (2000).
We rely on two additional rules applicable to statutory construction in determining whether a county is included in the category of "political subdivisions" described in Neb. Rev. Stat. §§ 73-401 and 81-8,240. First, special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. State v. Seberger, 257 Neb. 747, 750,601 N.W.2d 229, 231 (1999). Second, the Legislature is presumed to know language used in a statute, and if a subsequent act on the same or a similar subject uses different terms in the same connection, the court must presume that a change in the law was intended. Hall v. City of Omaha, 266 Neb. 127, 133, 663 N.W.2d 97, 102 (2003). By adding "governmental entity" into the list of entities subject to the Public Counsel's jurisdiction in 1997 Neb. Laws LB 622, the Legislature is presumed to know that the pre-existing term "political subdivision" would allow certain "governmental entities", such as counties, to avoid the Public Counsel's jurisdiction. This 1997 amendment would appear to be a specific limitation on the general category of "political subdivisions" in Neb. Rev. Stat. § 81-8,240. Cities, villages, sanitary improvement districts and numerous other entities are in the general category of "political subdivisions", but counties which contract to provide health and human services are no longer in that general category, thanks to 1997 Neb. Laws LB 622. The specific limitation on the scope of "political subdivisions" in Neb. Rev. Stat. § 81-8,240 must be what the Legislature intended.
In conclusion, there is a conflict between the terms "governmental entity" and "political subdivision" as they apply to counties in Neb. Rev. Stat. §§ 73-401 and 81-8,240. Counties are "political subdivisions" and they are also "governmental entities" under the relevant statutes. The Legislature intended to carve out a specific exception to the general definition of "political subdivisions" by requiring "governmental entities" and other Contractors providing health and human services on behalf of the state to be subject to the Public Counsel's jurisdiction. "Governmental entities" include counties. Counties are subject to the Public Counsel's jurisdiction under Neb. Rev. Stat. §§ 81-8,240 and 73-401. Contracts with counties to provide health and human services are required to have the Public Counsel jurisdiction language in the contract, since counties are "governmental entities".
Sincerely,
 JON BRUNING Attorney General
 William R. Barger Assistant Attorney General
Approved:
______________________________ Attorney General