REQUESTED BY: Rex Amack Director, Nebraska Game and Parks Commission
On January 5, 2004, you requested a formal opinion from the Attorney General's Office regarding whether recreational vehicle park services provided by the Nebraska Game and Parks Commission ("Commission") are subject to sales tax pursuant to Neb. Rev. Stat. § 77-2701.16(10)(f) (Supp. 2003). For the reasons set forth below, we conclude that the sales tax applies to recreational vehicle park services provided by the Commission.
Recreational Vehicle Park Services Provided by the Commission are Subject to Sales Tax
Pursuant to Neb. Rev. Stat. § 77-2703(1)(a) (Supp. 2003), a tax is imposed on gross receipts from the sale of tangible personal property and certain services in the State, which tax shall be collected by the retailer from the consumer. "Gross receipts" subject to tax include "[t]he gross income received for services of recreational vehicle parks;. . . ." Neb. Rev. Stat. § 77-2701.16(10)(f). Retailer is defined in Neb. Rev. Stat. § 77-2701.32(e) (Supp. 2003) to include "every person engaged in the business of providing any service defined in subsection (10) of § 77-2701.16." "Person," for purposes of the Nebraska Revenue Act, means "the United States or any agency of the United States, this state or any agency of this state " Neb. Rev. Stat. § 77-2701.25 (Supp. 2003). Since the Commission is an agency of this state, the Commission is considered a "person" for purposes of the sales tax statutes and is therefore a "retailer" as defined in §77-2701.32(e).
The Commission currently offers recreational vehicle services in state parks, state recreational areas and state historical parks. Pursuant to § 77-2701.16(10)(f), gross receipts for providing a service includes the "gross income received for services of recreational vehicle parks." As the Commission is a "person" and "retailer" for the purposes of the sales tax statutes, the Commission is responsible for collecting sales tax from those consumers that use the services of its recreational vehicle parks.
Furthermore, in addressing the proper construction of §77-2701.16(10)(f), certain basic rules of statutory construction must be considered. Statutory language should generally be given its plain and ordinary meaning and where the words of the statute are plain, direct and unambiguous, no interpretation is necessary to ascertain their meaning. State v. Burlison, 255 Neb. 190, 195, 583 N.W.2d 31, 35 (1998); see also, Sorensen v. Meyer, 220 Neb. 457, 370 N.W.2d 173 (1985). "In the construction of a statute, no sentence, clause or word should be rejected as meaningless or superfluous; rather, the plain and ordinary meaning of the language employed should be taken into account in order to determine the legislative will." Weiss v. Union Ins. Co., 202 Neb. 469, 473,276 N.W.2d 88, 92 (1979). It is inappropriate to read a meaning into a statute which is not warranted by the legislative language. Matrisciano v. Bd. of Educ. of Brady School Dist. No. 6, Lincoln County, 236 Neb. 133,137, 459 N.W.2d 230, 233 (1990); see also, Anderson v. Autocrat Corp.,194 Neb. 278, 231 N.W.2d 560 (1975).
The interpretation of a statute by the administrative agency to which it is directed is entitled to deference. Capitol City Telephone, Inc. v. Department of Revenue, 264 Neb. 515, 650 N.W.2d 467 (2002); see also, Vulcraft v. Karnes, 229 Neb. 676, 428 N.W.2d 505 (1988). "Although construction of a statute by a department charged with enforcing it is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation." Affiliated Food Co-op, Inc. v. State, 259 Neb. 549, 556, 611 N.W.2d 105, 110 (2000); see also, McCaul v. American Savings Co., 213 Neb. 831, 846, 331 N.W.2d 795, 798 (1983).
The Department of Revenue has promulgated regulations interpreting the definition of "Recreational Vehicle Parks Services" in §77-2701.16. Sales and Use Tax Reg-1-103 provides, in part, as follows:
 103.02 Recreational vehicle park services are those services provided by parks, campgrounds, mobile home parks, or other places offering facilities for recreational vehicles. Recreational vehicle park services include, but are not limited to:
103.02A Pads or sites for recreational vehicles;
103.02B Utility hook-ups and dump stations; and
103.02C Showers or other amenities.
The Department also set forth the proper exclusions for services of recreational vehicle parks as follows:
 103.03 Recreational vehicle parks services do not include:
103.03A Sites or areas restricted to tents;
 103.03B Storage spaces for recreational vehicles where occupancy is not permitted;
103.03C Coin-operated laundry facilities.
The recreational vehicle services provided by the Commission fit within the regulations put forth by the Department. The Commission's parks and recreational areas would be considered "park[s]. . . or other places offering facilities for recreational vehicles." (Reg-1-103.02). Therefore, the Commission is required to collect and remit the sales tax from those consumers that use the recreational vehicle services the Commission provides. The Department's interpretation, as noted above, is entitled to weight in determining the proper construction of the statute.
 Conclusion
Based on the above, it is our opinion that the Department of Revenue has properly interpreted the scope of Neb. Rev. Stat. §77-2701.16(10)(f) and that recreational vehicle park services provided by the Commission are subject to sales tax.
Sincerely,
 JON BRUNING Attorney General
 Justin Lavene Assistant Attorney General
Approved:
______________________________ Attorney General