STATE OF NEBRASKA, APPELLEE, V.
MARK M. GROSSHANS, APPELLANT.

707 N.W.2d 405

Filed December 2, 2005.    No. S-04-1370.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE
Mark M. Grosshans appeals from a conviction for sales tax evasion.

## SCOPE OF REVIEW
■ In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. *State v. Sanders*, 269 Neb. 895, 697 N.W.2d 657 (2005).

■ Whether a jury instruction is correct is a question of law, regarding which an appellate court is obligated to reach a conclusion independent of the determination reached by the trial

court. *State v. Gales,* 269 Neb. 443, 694 N.W.2d 124 (2005), *cert. denied* 546 U.S. 947, 126 S. Ct. 449, 163 L. Ed. 2d 341.

## FACTS

Grosshans was charged by information in York County with two counts of willfully attempting to avoid sales tax, a Class IV felony, in violation of Neb. Rev. Stat. § 77-2713(1) (Reissue 1996). The first count related to a motorcycle purchased in 2003, and the second count related to a Chevrolet Corvette purchased in 2001. The jury found Grosshans guilty of count I and not guilty of count II.

Grosshans purchased a motorcycle from Frontier Harley-Davidson (Frontier) of Lincoln, Nebraska, on January 30, 2003. The purchase price was $17,925, not including accessories and freight, and Grosshans did not trade in any vehicle as part of the transaction. Grosshans received the manufacturer's certificate of origin for the motorcycle signed by the dealer and a completed "Form 6," which is a Nebraska Department of Revenue sales tax form that shows the sales tax computation.

The manager of Frontier testified that the sales tax computation was completed before the Form 6 was given to Grosshans. The form showed the total sales price, no trade-in allowance, and a tax due on the sale in the amount of $1,256.76. Grosshans' signature appeared on the Form 6 as the purchaser.

Grosshans obtained a Nebraska certificate of title for the motorcycle in his name from the Lancaster County treasurer on March 14, 2003. On the same day, he signed the title over to Joshua Buck. A certificate of title to the motorcycle was then issued to Buck by Lancaster County on the same day.

On April 11, 2003, Buck signed the motorcycle title back to Grosshans and his mother. That same day, Grosshans went to the motor vehicle division of the Lancaster County treasurer's office to register the motorcycle. A title clerk, Doylene Christian, assisted Grosshans. She had known him as an acquaintance for several years when Grosshans was the fire chief in York, Nebraska. She testified that Grosshans attempted to register and license the motorcycle after telling her that it was a gift. When Grosshans presented Christian with the title to the motorcycle, she checked the records and determined that no sales tax had

ever been paid on the motorcycle. She told Grosshans that the motorcycle could not be gifted when the sales tax had not been paid. Grosshans then asked: " 'Can't you just do this for me?' " Christian responded: " 'No, I could lose my job.' " Christian contacted her supervisor, Susan Ross, who thereafter assisted Grosshans in his attempt to register the motorcycle in Lancaster County.

Ross testified that the title history on her computer showed that Frontier had transferred the title to Grosshans and that sales tax had not been paid after the transfer by the dealer. Ross stated she told Grosshans that he would need to pay the sales tax, to which he responded that he would go to York County to title the vehicle. Ross testified that she intended to call York County concerning Grosshans, but by the time she returned from lunch, Grosshans had already licensed the motorcycle in York County. Ross stated that York County faxed her the Form 6 that had been used to license the motorcycle in York County. She reviewed the form and noticed that no sales tax had been paid by Grosshans when he registered the motorcycle in York County. Although Grosshans told Christian at the Lancaster County treasurer's office that the motorcycle had been gifted to him, the sales tax form used to license the motorcycle in York County indicated no sales tax was paid because there were two trade-ins of equivalent value. Ross then notified the automobile fraud division of the Nebraska State Patrol.

When Investigator Stanley Funkey interviewed Grosshans, Grosshans confirmed the motorcycle was new when he purchased it from the dealer. Grosshans told Funkey that he transferred the title to Buck in order to extend the in-transit period so as to allow Grosshans time to receive an endorsement for a motorcycle operator's license. Funkey told Grosshans an extended in-transit period was not needed, and Grosshans then explained that the reason for the title transfers to and from Buck was to avoid the sales tax. Funkey testified concerning the Form 6 used by Grosshans to register the title in York County. He explained that the two vehicles listed as trade-ins were not actually traded in or transferred in exchange for the motorcycle.

Loretta Heiden, York County treasurer, testified concerning the titling and registration of the motorcycle in York County on

April 11, 2003. She testified that no sales tax was collected on the motorcycle by her office because the Form 6 provided by Grosshans showed that there were two vehicles traded in for the motorcycle and that the trade-ins equaled the cost of the motorcycle. Heiden explained that the person licensing the vehicle would have represented to the clerk that the trade-ins were of equal value. Heiden also stated that the Form 6 was signed by Grosshans "[u]nder penalties of law" as being "correct and complete." She explained that no sales tax was collected because the York County treasurer's office relied upon the accuracy of the representation of the person licensing the motor vehicle, who in this case was Grosshans.

On June 19, 2003, the Department of Revenue wrote to Grosshans, advising him that he owed sales tax on the motorcycle. Grosshans then paid the sales tax indicated on the Form 6.

The jury found Grosshans guilty of the count related to the motorcycle and not guilty of the second count. He was sentenced to probation and ordered to serve 90 days in the county jail on 45 consecutive weekends and to pay costs of $581.42. Grosshans timely appeals.

## ASSIGNMENTS OF ERROR

Grosshans assigns as error that the district court erred in admitting evidence related to regulations adopted by the Department of Revenue and in instructing the jury. He also asserts as error that the evidence was insufficient to support the conviction.

## ANALYSIS

Grosshans claims the district court erred in admitting into evidence a certified copy of 316 Neb. Admin. Code, ch. 1, § 020 (1998), the sales and use tax regulations of the Department of Revenue. Although the regulations were received in evidence and used as the basis for some of the jury instructions, they were not given to the jury during its deliberation.

At trial, Grosshans objected to receipt of the regulations based on hearsay and confrontation grounds. In his brief, Grosshans argues that the admission of the regulations was an attempt by the State to offer " 'proof' " that sales tax was due because the transactions were not " 'gifts' " as defined by the regulations.

See brief for appellant at 7. Grosshans argues that the regulations were inadmissible to prove sales tax was due and that this was the only trial evidence offered by the State to establish that fact. We conclude this argument is without merit.

The regulation which Grosshans objects to provided, in pertinent part: "020.05 The purchase of a licensed motor vehicle may be exempt for any of the following reasons . . . 020.05C The motor vehicle is a gift to the applicant or received through inheritance and tax was previously paid by the donor or prior owner . . . ."

■ The Tax Commissioner is empowered by law to make, adopt, and publish such rules and regulations as necessary and desirable to carry out the powers and duties imposed upon the Department of Revenue. See Neb. Rev. Stat. § 77-369 (Reissue 2003). The regulations were certified by Nebraska's Secretary of State as having been adopted by the Department of Revenue and approved by the offices of the Attorney General and the Governor. Agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004).

We review the admission of the regulations for an abuse of discretion. In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. *State v. Sanders*, 269 Neb. 895, 697 N.W.2d 657 (2005). We conclude there was no abuse of discretion in the district court's receiving the regulations into evidence.

In conjunction with the above assignment of error, Grosshans argues that the evidence was insufficient to support the conviction. Grosshans argues that without the admission of the regulations, there was no evidence from which the jury could conclude that sales tax was due on the transactions in question. After acquiring a legal interest in the motorcycle and before licensing or registering it, Grosshans conveyed legal title to a third party,

Buck. Grosshans argues that Buck then conveyed the title to him, creating a transfer not at retail, and that the sales tax law therefore did not apply.

Grosshans was charged with violating § 77-2713(1), which provided:

> Any person required under the provisions of sections 77-2702.03 to 77-2713 to collect, account for, or pay over any tax imposed by the Nebraska Revenue Act of 1967 who willfully fails to collect or truthfully account for or pay over such tax and any person who willfully attempts in any manner to evade any tax imposed by such provisions of such act or the payment thereof shall, in addition to other penalties provided by law, be guilty of a Class IV felony.

On a claim of insufficiency of the evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative value as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Delgado*, 269 Neb. 141, 690 N.W.2d 787 (2005). We conclude that the verdict was supported by relevant evidence and that such evidence was sufficient for the jury to find Grosshans guilty of count I.

The evidence established that Grosshans purchased the motorcycle new at retail on January 30, 2003, and did not register it for more than 30 days. He had received a properly completed sales tax form from the dealer showing that he owed $1,256.76 in sales tax. Pursuant to Neb. Rev. Stat. § 77-2703(1)(i) (Cum. Supp. 2000), the sales tax was owed by Grosshans 30 days after he purchased the motorcycle. Grosshans transferred the motorcycle to Buck, and Buck then transferred the title back to Grosshans, but no sales tax was paid for either of these transfers.

Grosshans then attempted to register the motorcycle in Lancaster County but was told that the motorcycle could not be registered because he had to pay the sales tax. Grosshans traveled to York County and registered the motorcycle there. No sales tax was collected in York County because Grosshans represented on the sales tax form that the tax was offset by a trade-in allowance from two other vehicles. Grosshans did not claim an exemption from sales tax based upon a gift, even though

Grosshans had earlier the same day attempted to register the motorcycle in Lancaster County, claiming it was a gift. The evidence established that Grosshans eventually paid the sales tax after receiving an assessment letter from the Department of Revenue.

■ In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Jonusas*, 269 Neb. 644, 694 N.W.2d 651 (2005). The evidence here, viewed and construed most favorably to the State, shows that Grosshans failed to truthfully account for or pay the sales tax that was due on the motorcycle.

Grosshans attempted to register the motorcycle in Lancaster County and avoid paying sales tax by claiming it was a gift. When he was told that he could not register the motorcycle in Lancaster County without paying the sales tax, he employed a different method to avoid paying the tax in York County. He signed the Form 6 in York County representing that there had been a trade-in of two vehicles when he purchased the motorcycle. Grosshans' registering the vehicle in York County and signing the Form 6 representing that there had been a trade-in was an attempt to avoid the sales tax that was due on the purchase of the motorcycle. Funkey testified that the alleged trade-ins did not occur.

Grosshans also argues that jury instruction No. 8, which incorporated the provisions of the exhibit containing the regulations, eliminated the State's burden of proof on the subject of whether a tax was due. We disagree.

During the jury instruction conference, Grosshans objected to instruction No. 8 to the extent that it instructed the jury as to the applicable regulations. Grosshans argued that including them in the instructions placed undue comment, undue weight, and undue significance on the evidence. He asked for a special instruction that the regulations were not laws. Instead, the district court instructed the jury as follows:

> Under Neb. Admin. R. & Regs., Tit. 316, Ch. 1, the Nebraska Department of Revenue's Rules and Regulations relating to sales taxes on motor vehicles,
>
> 020.05 The purchase of a licensed motor vehicle may be exempt if:
>
> 020.05C The motor vehicle is a gift to the applicant or received through inheritance and the sales tax was previously paid by the donor or prior owner.
>
> "Gift," in tax law, refers to a transfer of property or a payment made without conditions, from detached and disinterested generosity, out of affection, respect, charity or like impulses, and not from a sense of any moral or legal duty or from the incentive of anticipated benefits or anticipated economic benefits. Black's Law Dictionary 619 (5th ed. 1979).

The court's instruction was correct, and Grosshans' request for an instruction that the regulations were not laws was properly denied.

As noted previously, agency regulations properly adopted and filed with the Secretary of State of Nebraska have the effect of statutory law. *Lariat Club v. Nebraska Liquor Control Comm.*, 267 Neb. 179, 673 N.W.2d 29 (2004). We have applied this policy to a number of tax-related cases in holding that tax regulations have the effect of law. See, *Capitol City Telephone v. Nebraska Dept. of Rev.*, 264 Neb. 515, 650 N.W.2d 467 (2002) (taxation of gross receipts); *Affiliated Foods Co-op v. State*, 259 Neb. 549, 611 N.W.2d 105 (2000) (taxation of postage as cost of transportation); *Lackawanna Leather Co. v. Nebraska Dept. of Rev.*, 259 Neb. 100, 608 N.W.2d 177 (2000) (taxation of component parts); *A & D Tech. Supply Co. v. Nebraska Dept. of Revenue*, 259 Neb. 24, 607 N.W.2d 857 (2000) (sales tax on purchases for tax-exempt organizations); *Val-Pak of Omaha v. Department of Revenue*, 249 Neb. 776, 545 N.W.2d 447 (1996) (taxation of direct-mail advertising); *Omaha Pub. Power Dist. v. Nebraska Dept. of Revenue*, 248 Neb. 518, 537 N.W.2d 312 (1995) (tax credits); *Nucor Steel v. Leuenberger*, 233 Neb. 863, 448 N.W.2d 909 (1989) (sales and use tax exemption).

■ Whether a jury instruction is correct is a question of law, regarding which an appellate court is obligated to reach

a conclusion independent of the determination reached by the trial court. *State v. Gales,* 269 Neb. 443, 694 N.W.2d 124 (2005), *cert. denied* 546 U.S. 947, 126 S. Ct. 449, 163 L. Ed. 2d 341. The district court did not err by instructing the jury as to the content of the regulations. In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Anderson,* 269 Neb. 365, 693 N.W.2d 267 (2005). Grosshans has not demonstrated that he was prejudiced because of the instruction given by the court.

## CONCLUSION

The district court did not err in admitting the certified copy of the sales and use tax regulations of the Department of Revenue. There was sufficient evidence to support the conviction that Grosshans was required to pay sales tax imposed by the Nebraska Revenue Act of 1967 on the purchase of a motorcycle and that he willfully attempted to evade the sales tax on the motorcycle contrary to the provisions of § 77-2713(1). The judgment and sentence of the district court are affirmed.

AFFIRMED.